OPINION
{¶ 1} Plaintiff-appellant, David D. Palmer, appeals from a judgment of the Ohio Court of Claims that ruled in favor of defendant-appellee, the Richland Correctional Institution ("RCI"), in this action alleging dental malpractice and negligence. For the reasons stated below, we affirm.
 {¶ 2} Appellant is an inmate at RCI. On January 4, 2003, appellant sent a "kite," which is a prison communication, to the RCI dentist, stating that a cap had come off of one of his lower teeth. Appellant asked: "Please rush me for a visit for this to be mounted correctly." Appellant received the kite back with a response of: "You're scheduled," however, the response did not indicate a date or time.
 {¶ 3} On January 14, 2003, appellant filed an informal complaint resolution with prison officials, complaining that he had waited over two weeks for the repair but still had not received help. On January 16, 2003, Thomas G. Fellner, DDS, a licensed dentist who provided dental care to RCI, responded to the complaint by indicating that appellant's problem was not an emergency, and that it was standard practice not to tell inmates the date and time of their appointment until just prior to seeing them. Appellant then filed a Notification of Grievance with the Inspector of Institutional Services on January 27, 2003, alleging that he had a dental emergency that was not being addressed in a timely manner, and that he should be compensated for the pain and suffering he had endured while waiting for treatment.
 {¶ 4} On February 4, 2003, Dr. Calver, another dentist at RCI, successfully re-cemented appellant's crown to his tooth. Apparently, appellant experienced no further difficulty.
 {¶ 5} On February 12, 2003, the Inspector of Institutional Services responded to appellant's grievance with a finding that appellant had not received inadequate care. Appellant followed this with an appeal to the chief inspector, further alleging RCI had violated both institutional policies and appellant's constitutional rights. In addition, appellant initiated this action in the Court of Claims alleging both dental malpractice and negligence based upon RCI's failure to timely address his dental needs.
 {¶ 6} A magistrate for the Court of Claims heard the matter, which primarily involved testimony by Dr. Fellner that appellant's dental treatment in this instance did not fall below the standard of care within the dental community. Dr. Fellner indicated that loss of a crown is generally not considered a dental emergency, that appellant never alleged swelling, trauma or pain, any of which would constitute an emergency, and that, even outside a prison setting, patients who lose crowns while traveling will frequently wait for treatment until returning home, with no adverse effects. Based upon this evidence, the magistrate concluded that appellant had not sufficiently alleged dental malpractice or negligence, and recommended judgment be entered in favor of appellee. After overruling appellant's objections, the Court of Claims entered judgment adopting the magistrate's decision.
 {¶ 7} Appellant, acting pro se, essentially assigns as error that the trial court erred in adopting the magistrate's report and recommendation, for the following reasons:
1. The magistrate should not have proceeded with the hearing before resolving the issue of what dentist was the proper defendant party;
2. He was denied the opportunity for discovery, resulting in a denial of his Due Process rights;
3. He should have been permitted to present evidence that Dr. Fellner kept a dental prosthetic device belonging to appellant as retaliation for his initiation of this suit; and
4. RCI failed to follow its own dental care policy, causing him injury.
 {¶ 8} The Ohio Department of Rehabilitation and Correction ("DRC") provides dental care services for RCI inmates pursuant to guidelines set forth in DRC policy number 68-MED-12 (formerly 320-13). That policy, under section E, defines emergency dental care as "a serious, disabling condition of the teeth or surrounding tissues, manifested by severe symptoms and occurring suddenly or unexpectedly." The policy's examples of emergencies include acute infection, severe pain, suspected fractures or uncontrolled hemorrhaging. The policy also defines "essential care" as "[t]he treatment of conditions of an urgent nature, such as grossly decayed teeth and/or significant pain." The policy requires a dentist to be on call 24 hours a day to address emergency dental issues. The policy does not indicate that re-cementing a loose crown falls under the category of either emergency care or essential care.
 {¶ 9} Dr. Fellner testified on behalf of RCI and was apparently the only expert to appear during the magistrate's hearing. Appellant has not filed a transcript of proceedings before the magistrate. However, the magistrate's report includes Dr. Fellner's testimony and his written communication returned to appellant in response to appellant's informal complaint, indicating that re-cementing a crown is not an emergency. Dr. Fellner further stated that, because appellant did not indicate that he was suffering pain or any other symptom that would require emergency or essential care, scheduling appellant for an appointment one month later did not constitute inadequate dental care. Indeed, the facts indicate, and appellant does not dispute, that the crown was re-cemented with no complications or further problems. Appellant did not present any expert testimony to support his position that RCI's dental care fell below the appropriate standard of care.
 {¶ 10} In order to establish dental malpractice, appellant had to show by a preponderance of the evidence that he was injured, that the injury was proximately caused by a dentist's act or omission, and that the act or omission was one that a dentist of ordinary skill, care, and diligence would not have taken under like or similar conditions or circumstances. SeeBruni v. Tatsumi (1976), 46 Ohio St.2d 127, syllabus. To demonstrate the requisite standard of skill and care of dentists in the dental community, appellant had to present expert testimony. See, e.g., Condello v. Raiffe, Cuyahoga App. No. 83076, 2004-Ohio-2554, at ¶ 34-35; Campbell v. The Ohio StateUniv. Med. Ctr., Franklin App. No. 04AP-96, 2004-Ohio-6072, at ¶10; Bruni, at 130.
 {¶ 11} The only expert at trial was Dr. Fellner, who, as we have already noted, testified that the one-month delay in re-cementing appellant's crown met the appropriate standard of care. Thus, appellant failed to establish that RCI's treatment of his dental problem fell below the standard of care. Appellant also failed to establish that he was injured. Even taking as true appellant's claim that he suffered discomfort and was unable to eat properly for one month, the evidence showed that the crown was re-cemented within a reasonable period of time, and that the re-cementing was successful with no long-range ill effects. Based upon these considerations, we conclude the evidence did not support appellant's claim for dental malpractice or negligence.
 {¶ 12} The other problems appellant alleges in support of his claim that the trial court erred in adopting the magistrate's report and recommendation either are unsupported by the evidence, raised for the first time in this appeal, or not relevant to the issue of whether appellant established a case of dental malpractice or negligence. Appellant had to show duty, breach of duty, proximate cause, and harm, and needed expert testimony in support of his claim. Appellant did not present the requisite quantum of evidence, and all other claimed errors are not pertinent to appellant's cause of action. Therefore, the Court of Claims did not err in adopting the magistrate's decision that found in favor of RCI.
 {¶ 13} Based upon these considerations, we overrule appellant's assignments of error, and affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
Lazarus, P.J., and Petree, J., concur.