[Cite as *Wallace v. Grafton Correctional Inst.*, 2011-Ohio-366.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONNIE LEE WALLACE

     Plaintiff

     v.

GRAFTON CORRECTIONAL INSTITUTION

     Defendant
     Case No. 2009-07024

Judge Clark B. Weaver Sr.
Magistrate Robert Van Schoyck

## MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action for negligence, alleging that defendant failed to timely provide him prescribed dental treatment. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant, Grafton Correctional Institution (GCI), pursuant to R.C. 5120.16. Plaintiff testified that in July or August 2007, he received a dental examination from Dr. Smith who was then the director of defendant's dental clinic. During that examination, Dr. Smith discovered cavities in five of plaintiff's teeth. According to plaintiff, Dr. Smith told him that the cavities would be filled and that none of the teeth would require extraction.

{¶ 3} Before plaintiff received any further treatment, Dr. Smith ceased working at GCI, and a number of other dentists practiced in the dental clinic throughout 2008 and 2009. Plaintiff testified that each of these dentists examined him independently to determine a treatment plan, and that these dentists determined that one or more of his teeth should be extracted. Plaintiff stated that he disagreed with such diagnoses, and

believed that he should have been provided the treatment originally prescribed by Dr. Smith.

**{¶ 4}** According to plaintiff, the first treatment that he received for any of the five teeth at issue occurred in December 2008, when he received fillings in two of the teeth. Plaintiff stated that he received fillings in two of the other teeth by October 2009, and that the remaining tooth was extracted in January 2010. According to plaintiff, the tooth that was extracted could have been "saved" if it had been filled earlier.

**{¶ 5}** Inmates Charles Consolo and Martin Timperio testified that they have been in defendant's custody for many years and that they experienced delays in their own dental treatment until personnel changes occurred in the dental clinic in early 2010.

**{¶ 6}** Dr. Philip K. Meme testified that he has served as director of defendant's dental clinic since May 2010, and that he is employed by Mid-America Health Corporation which contracts with defendant for the provision of inmate dental care. Dr. Meme stated that an inmate's course of treatment is determined by the treating dentist, not by the inmate. Dr. Meme further stated that when the dentist determines that treatment is necessary, dental clinic staff schedule an appointment according to the dentist's instructions. Dr. Meme stated that treatment is prioritized based upon its urgency, as determined by the dentist, and that all treatment is provided as soon as reasonably possible.

**{¶ 7}** According to Dr. Meme, plaintiff's dental records reflect that plaintiff was seen in the dental clinic regularly from 2007 to the present, and that the longest period of time during which he went without treatment was between March and August 2008.

**{¶ 8}** Tara Cory, who is the lead dental assistant in the dental clinic and is employed by Mid-America Health Corporation, testified that she is responsible for scheduling inmates' dental treatment. Cory stated that treatment is scheduled according to the treating dentist's instructions, that treatment is prioritized based upon

its urgency, and that inmates are able to request appointments on their own by submitting a "health services request" form.

**{¶ 9}** Cory testified that, according to plaintiff's dental records, she or other staff in the dental clinic promptly scheduled plaintiff's treatment as directed by his treating dentists. Cory further testified that plaintiff failed to appear for an appointment on March 3, 2009, but that he appeared for a rescheduled appointment in July 2009. Cory stated that plaintiff did not agree with the course of treatment prescribed by some of the dentists who practiced in the clinic after Dr. Smith, and that she observed plaintiff argue with Dr. Luke about her treatment plan for him.

**{¶ 10}** Michelle Viets, now a regional nurse administrator for the Department of Rehabilitation and Correction, was defendant's health care administrator from 2004 to 2008. Viets testified that an inmate's course of dental treatment is determined by the treating dentist, and that such treatment is scheduled according to prioritized need, with inmates who are in pain receiving the highest priority. Viets stated that plaintiff's dental records show that he was seen in the dental clinic routinely during the relevant time period, and that his appointments were scheduled according to dentists' instructions.

**{¶ 11}** Kimberly Hughes, the current health care administrator for defendant, testified that inmates' dental treatment is scheduled according to dentists' instructions.

**{¶ 12}** In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its inmates. *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 207-208. The state is not an insurer of inmates' safety, however. *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 107, 112.

**{¶ 13}** Based upon the totality of the evidence, the court finds that defendant timely scheduled plaintiff's dental treatment based upon dentists' instructions, and that plaintiff has thus failed to prove his claim of negligence with respect to the scheduling of such treatment.

**{¶ 14}** Plaintiff's assertion that one of his teeth was wrongly extracted when it could have been saved states a claim for dental malpractice. Such a claim requires expert testimony to establish: 1) the standard of care recognized by the dental community; 2) the failure of defendant to meet that standard; and 3) a direct causal connection between the alleged negligent act and the injury sustained. See *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127; *Palmer v. Richland Correctional Inst.*, Franklin App. No. 04AP-540, 2004-Ohio-6717, ¶10. However, plaintiff did not introduce expert testimony.

**{¶ 15}** Based upon the foregoing, it is recommended that judgment be rendered in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
ROBERT C. VAN SCHOYCK
Magistrate

cc:

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Ronnie Lee Wallace, #A140-221
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044

RCV/cmd
Filed January 5, 2011
To S.C. reporter January 27, 2011