[Cite as *Bowman v. Dept. of Rehab. & Corr.*, 2011-Ohio-1430.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DION K. BOWMAN nka DION K.
COOPER

     Plaintiff

     v.

DEPARTMENT OF REHABILITATION
AND CORRECTION

     Defendant
     Case No. 2008-01821

Judge Joseph T. Clark
Magistrate Anderson M. Renick

<u>MAGISTRATE DECISION</u>

{¶ 1}Pursuant to Civ.R. 53, Magistrate Anderson M. Renick was appointed to conduct all proceedings necessary for decision in this matter.

{¶ 2}Plaintiff brought this action alleging dental malpractice. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 3}From November 4, 2004, to December 27, 2004, plaintiff was an inmate in the custody and control of defendant at the Northeast Pre-Release Center (NEPRC) pursuant to R.C. 5120.16. Plaintiff testified that in early December 2004, she began to experience significant pain in her jaw. On December 18, 2004, plaintiff consulted with a nurse who arranged for her to visit the NEPRC dental clinic.

{¶ 4}On December 21, 2004, Vladimir Petkovic, D.D.S., examined plaintiff in the dental clinic and determined that her pain was caused by an "impacted" lower left wisdom tooth which needed to be extracted. Dr. Petkovic testified that after taking and

evaluating x-rays of the tooth, he performed the extraction that same day. Dr. Petkovic stated that he administered Novocain in the gum surrounding the tooth, separated the gum from the tooth with a curette, slowly pried the tooth loose with a tool known as an "elevator," removed the loosened tooth with forceps, and sutured the gums together over the former site of the tooth.

{¶ 5}Dr. Petkovic stated that while this method of tooth extraction is routine, it must be performed "delicately" in that some force must be used to pry the tooth loose, but not so much force as to break off the roots of the tooth or fracture the mandible. According to Dr. Petkovic, the notes that he made in plaintiff's medical chart reflect that the extraction of plaintiff's tooth proceeded routinely and without complication. (Defendant's Exhibit E.)

{¶ 6}In contrast, plaintiff recalled that the extraction was a long and difficult procedure in which Dr. Petkovic seemingly struggled to remove the tooth, and she stated that at one point during the procedure, she felt a "cracking" sensation in her mouth. Plaintiff testified that she was in such pain after the procedure that she could not sleep that night.

{¶ 7}Dr. Petkovic stated that according to plaintiff's medical chart, a physician at NEPRC followed up with plaintiff on December 22, 2004, and that he himself followed up with her in the dental clinic on December 23, 2004, at which time he increased her dosage of pain medication. (Defendant's Exhibit E.)

{¶ 8}On December 27, 2004, plaintiff's sentence expired and she was released from custody. Plaintiff stated that the pain she experienced after the extraction persisted and led her to consult with a dentist in Amherst, Ohio on January 5, 2005, at

which time she was diagnosed with a fractured mandible.  On January 20, 2005, plaintiff underwent reparative oral surgery at MetroHealth Medical Center in Cleveland.[1]

{¶ 9} Plaintiff claims that her mandible was fractured as a result of Dr. Petkovic's negligence in extracting the tooth.  In order to prevail on a claim of dental malpractice, plaintiff "must show by a preponderance of the evidence that [s]he was injured, that the injury was proximately caused by a dentist's act or omission, and that the act or omission was one that a dentist of ordinary skill, care, and diligence would not have taken under like or similar conditions or circumstances."  *Palmer v. Richland Correctional Inst.*, Franklin App. No. 04AP-540, 2004-Ohio-6717, ¶10, citing *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, syllabus. The appropriate standard of care must be proven by expert testimony which explains what a dentist of ordinary skill, care, and diligence in the same specialty would do in similar circumstances.  Id.

{¶ 10}    Plaintiff's expert, Thomas B. Murphy, D.D.S., an oral and maxillofacial surgeon, testified via deposition that his opinions are based upon a review of plaintiff's dental records.  Dr. Murphy testified that, generally speaking, there is a "small risk" of the mandible becoming fractured during the extraction of a lower wisdom tooth.  According to Dr. Murphy, however, the x-rays that Dr. Petkovic took just prior to performing the extraction revealed that plaintiff's tooth was not significantly impacted and should therefore have been extracted with little difficulty or complication.  Dr. Murphy thus opined that the fracture sustained by plaintiff "most likely" resulted from Dr. Petkovic's using excessive force to pry the tooth loose.

{¶ 11}    Defendant's expert, Michael S. Hauser, D.M.D., M.D., an oral and maxillofacial surgeon, testified by deposition that his opinions are based upon a review of plaintiff's dental records and the depositions of both plaintiff and Dr. Murphy.  Dr. Hauser stated that according to the x-rays taken by Dr. Petkovic prior to the extraction,

---

[1]This is a refiled case.  Plaintiff's prior action in Case No. 2006-03770 was timely filed and then dismissed, other than upon the merits.  The instant action was timely filed on February 1, 2008, pursuant

the roots of plaintiff's tooth formed a conical shape that should have provided little resistance to extraction. Dr. Hauser opined, however, that regardless of the root structure, there is a slight risk that the mandible will fracture during such an extraction, even when the dentist uses an appropriate degree of force to pry the tooth loose. Dr. Hauser stated that, in his opinion, the degree of force used by Dr. Petkovic was within the accepted standard of care and the fracture sustained by plaintiff was a "rare but known complication" of the extraction procedure.

**{¶ 12}** The experts thus agreed both that the extraction of a lower wisdom tooth is accompanied by a slight risk of fracturing the mandible, and that the fracture sustained by plaintiff more likely than not occurred as a result of the force that Dr. Petkovic used to extract her tooth. However, the experts disagreed as to whether the amount of force used by Dr. Petkovic was appropriate under the accepted standard of care. Although Dr. Murphy agreed with Dr. Hauser's opinion that a tooth with a conical-shaped root is relatively easy to extract, he testified the he had no knowledge either of the shape of the roots of the extracted tooth or of the method that Dr. Petkovic had used to perform the extraction.

**{¶ 13}** Upon consideration of the testimony of both experts, the court finds Dr. Hauser's opinion concerning the force used by Dr. Petkovic to be more persuasive than the opinion offered by Dr. Murphy. In view of this finding and based upon the totality of the evidence, the court finds that the dental treatment provided to plaintiff by Dr. Petkovic met the standard of care.

**{¶ 14}** For the foregoing reasons, the court finds that plaintiff failed to prove her claim by a preponderance of the evidence and, accordingly, it is recommended that judgment be rendered in favor of defendant.

---

to the savings statute, R.C. 2308.19.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
ANDERSON M. RENICK
Magistrate

cc:

Eric A. Walker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

J. Miles Gibson
673 Mohawk Street, 4th Floor
Columbus, Ohio 43206

RCV/cmd
Filed March 10, 2011
To S.C. reporter March 22, 2011