[Cite as *Robinson v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-3484.]

| | |
|---|---|
| FRANKIE M. ROBINSON | Case No. 2019-00369JD |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Gary Peterson |
| v. | sjg<br><u>ENTRY GRANTING DEFENDANT'S</u> |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | <u>MOTION FOR SUMMARY JUDGMENT</u><br><br><u>DECISION</u> |
| Defendant | |

{¶1} On March 26, 2020, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B).  On April 23, 2020, plaintiff filed a response in opposition to defendant's motion for summary judgment.[1]  For the reasons stated below, defendant's motion shall be granted.

**Standard of Review**

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation,

---

[1]Although the Supreme Court of Ohio issued an entry tolling the time requirements established by all Supreme Court-promulgated rules in light of the COVID-19 outbreak, "[n]othing in this order precludes filings during the duration of the order * * *."  *See 03/27/2020 Administrative Actions*, 2020-Ohio-1166.  Given that the Supreme Court's tolling order does not preclude a court from accepting filings during the duration of the order, the court finds that the motion for summary judgment is properly before the court and is fully briefed.

that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶3} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Factual Background**

{¶4} According to the complaint, plaintiff is an inmate in the custody and control of defendant. The complaint goes on to provide that plaintiff's wisdom tooth was removed by a dentist, presumably employed by defendant, in a dental procedure at defendant's Grafton Correctional Institution (Grafton). According to the complaint, plaintiff's jaw was "uneasy" following the extraction. Plaintiff alleges that he raised concerns to a corrections officer regarding the space where the wisdom tooth was removed and suffered pain where the tooth was extracted after the procedure. Plaintiff further alleges that he was re-examined by a dentist at Grafton, and that dentist found

that plaintiff was suffering from dry socket and provided plaintiff with ibuprofen.  Plaintiff alleges that he suffered pain in his jaw for a month following the procedure and that the dentist who treated him failed to properly extract the tooth or otherwise provide proper dental care.  It is apparent that plaintiff takes issue with the dental care provided to him.  Plaintiff also asserts that his constitutional rights were violated as a result of the inadequate dental care provided to him.

{¶5} Defendant moves for summary judgment arguing that plaintiff has stated a claim for dental malpractice and cannot prevail on such a claim because he has not identified an expert witness who will testify regarding any alleged breach of the applicable standard of care that proximately caused him harm.  Defendant also asserts that any claims based upon alleged violations of plaintiff's constitutional rights are not actionable in the Court of Claims.

**Law and Analysis**

{¶6} There is no doubt that plaintiff's claim against defendant arises out of dental diagnosis, care, or treatment that he received while incarcerated.  Therefore, plaintiff has stated a claim for dental malpractice.  *Palmer v. Richland Corr. Inst.,* 10th Dist. Franklin No. 04AP-540, 2004-Ohio-6717, ¶ 10; *see also Foy v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin Nos. 16AP-723 and 16AP-724, 2017-Ohio-1065, ¶ 23.

{¶7} In order to recover for dental malpractice, a plaintiff must prove: (1) the existence of a standard of care within the medical community; (2) the defendant's breach of that standard; and (3) proximate cause between the medical evidence and the plaintiff's injuries.  *Palmer* at ¶ 10, citing *Bruni v. Tatsumi,* 46 Ohio St.2d 127, 346 N.E.2d 673 (1976), syllabus.  A dental malpractice claimant must provide proof of the recognized standard of care in the medical community through expert testimony.  *Id.*; *Bruni at* 130-32; *see also Foy* at ¶ 23 (an inmate's claim against the Department of Rehabilitation and Correction arising in the course of medical diagnosis, care, or treatment is a medical claim); *Gordon v. Ohio State Univ.*, 10th Dist. Franklin No. 10AP-

1058, 2011-Ohio-5057, ¶ 67 ("The *Bruni* standard applies to an inmate's claim for medical malpractice.").

{¶8} In support of its motion, defendant submitted the affidavit of counsel for defendant, Howard Harcha. Harcha avers that as of November 8, 2019, plaintiff has not provided any reports from an expert witness who will testify on his behalf that defendant was negligent in providing him dental care. (Defendant's Exhibit A.)

{¶9} In his response to defendant's motion for summary judgment, plaintiff argues that he requested his medical files from Grafton, but his request was denied. Plaintiff does not deny that he failed to provide defendant with a copy of any reports from expert witnesses who will testify on his behalf. Plaintiff further argues that his medical records will prove that his dental malpractice claim has merit. However, plaintiff never moved for an order compelling defendant to produce a copy of his medical records. Moreover, "R.C. 5120.21(C)(2) places limitations on an inmate's access to medical records." *Nicely v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-187, 2009-Ohio-4386, ¶ 8; *see also Hernandez v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 17AP-37, 2017-Ohio-8646. "R.C. 5120.21(C)(2) states that the inmate's medical records shall be available for review on two conditions. One is that the inmate make a signed written request for the records, and the other is that his request be accompanied by a written request of an attorney or physician designated by the inmate." *Goings v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 90AP-1041, 1991 Ohio App. LEXIS 2527, 7 (May 28, 1991). There is no indication that plaintiff has made a written request for his medical records accompanied by a written request of an attorney or physician. Accordingly, plaintiff's argument is without merit.

{¶10} In this case, plaintiff failed to provide any evidence to controvert the evidence submitted by defendant and demonstrate a genuine issue of material fact. Indeed, plaintiff challenges the medical decision of defendant's employees regarding the care, treatment, or diagnosis related to his wisdom tooth. However, there is no

dispute that plaintiff failed to provide counsel for defendant with the names of any expert witnesses or a copy of their reports by the deadline established by the court.  *See* L.C.C.R. 8(E).  Therefore, it must be concluded that plaintiff cannot prevail on his claim of dental malpractice.  *Palmer* at ¶ 10; *Hernandez* at ¶ 13.

{¶11} Additionally, insofar as plaintiff alleged in the complaint that defendant violated his constitutional rights by failing to meet his medical needs, this court lacks jurisdiction over constitutional claims.  *White v. Unknown*, 10th Dist. Franklin No. 09AP-1120, 2010-Ohio-3031, ¶ 7; *Jackson v. Northeast Pre-Release Ctr.*, 10th Dist. Franklin No. 09AP-457, 2010-Ohio-1022, ¶ 19.  Furthermore, pursuant to Civ.R. 12(H)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Accordingly, plaintiff's constitutional claim must be dismissed for lack of subject-matter jurisdiction.

**Conclusion**

{¶12} Based upon the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Plaintiff's constitutional claim is DISMISSED pursuant to Civ.R. 12(H)(3).  Defendant's motion for summary judgment is GRANTED regarding plaintiff's dental malpractice claim, and judgment is hereby rendered in favor of defendant.  All previously scheduled events are VACATED.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed May 27, 2020**
**Sent to S.C. Reporter 6/26/20**