[Cite as *Foster v. Sullivan*, 2014-Ohio-2909.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mary Foster, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-876 |
| v. | : | (C.P.C. No. 12CV-351) |
| Christine M. Sullivan, M.D. et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 30, 2014

*Dale M. Musilli*, for appellant.

*Hammond Sewards & Williams*, and *Frederick A. Sewards*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Plaintiff-appellant, Mary Foster, appeals from a judgment of the Franklin County Court of Common Pleas, which granted the "Motion to Dismiss for Failure to Prosecute/Motion for Summary Judgment" of defendants-appellees Christine M. Sullivan, M.D. and the Sullivan Plastic and Reconstructive Surgery Center, Inc. For the following reasons, we affirm the trial court's judgment.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This action was initiated on January 10, 2012. According to appellant's complaint, the action was previously filed in 2010 and dismissed in 2011. Appellant alleged Dr. Sullivan committed malpractice while performing surgical procedures on appellant in 2008. Attached to the complaint was an affidavit of merit executed by James

Apesos, M.D., supporting appellant's malpractice claim. Appellees answered admitting Dr. Sullivan performed procedures on appellant, but denying appellant's allegations regarding malpractice.

{¶ 3} The Franklin County Clerk of Courts generated a case schedule the day the complaint was filed with the following dates:

|  | Latest Time of Occurrence |
|---|---|
| * * * | |
| Initial Joint Disclosure of all Witnesses | 11/13/12 |
| Supplemental Joint Disclosure of all Witnesses | 02/05/13 |
| * * * | |
| Dispositive Motions | 09/17/13 |
| Discovery Cut-Off | 10/01/13 |
| * * * | |
| Trial Assignment | 01/07/14 |

(R. 1.)

{¶ 4} Appellees filed an initial disclosure of witnesses on November 13, 2012 which did not name appellant's expert, Dr. Apesos. Appellant did not file an initial disclosure of witnesses, nor does the record indicate appellant ever filed a witness disclosure with the trial court.

{¶ 5} On January 14, 2013, the parities filed a stipulation to extend appellees' supplemental witness disclosure deadline "until thirty (30) days after [appellees] have deposed [appellant's] identified witnesses: Plaintiff Mary Foster and expert James Apesos, M.D., FACS, ASPS." On February 14, 2013, appellees filed a supplemental disclosure of witnesses, which did not name Dr. Apesos. It referenced appellant's "fact and expert witnesses," and named other doctors identified from appellant's medical records. Appellees also identified their own expert witnesses by name, and indicated their credentials were provided to appellant's counsel.

{¶ 6} On July 16, 2013, appellees filed a "Motion to Dismiss for Failure to Prosecute/Motion for Summary Judgment" pursuant to Civ.R. 41 and 56. Appellees'

primary complaint was that appellant had not made Dr. Apesos or her treating physicians available for depositions despite numerous attempts by appellees' counsel to establish dates and times for the depositions. Appellees asserted appellant could not maintain her medical malpractice claim without expert testimony, and appellant had "denied [appellees] discovery of [appellant's] putative expert's opinions." Appellees' counsel executed an affidavit stating appellant had not offered any dates on which her experts could be deposed. Appellees' counsel attached 11 letters sent to appellant's counsel over a six-month period evidencing his efforts to schedule depositions of appellant's doctors, in particular Dr. Apesos. The letters also revealed a dispute over how much Dr. Apesos charged for his time in deposition.

{¶ 7} Appellees also provided an affidavit executed by Dr. Sullivan stating in part:

> The care and treatment provided to [appellant] by [appellees']
> agents and employees including me, met the standard of care
> of a reasonable, prudent plastic surgeon, nurse, surgical
> technician, etc.
>
> Nothing [appellees], our agents and employees did or failed to
> do proximately caused [appellant] any injury.

Appellees claimed Dr. Sullivan's affidavit contained the only expert opinion regarding appellant's care.[1] Thus, appellees were entitled to summary judgment on appellant's malpractice claim.

{¶ 8} Appellees' motion prompted the trial court to issue a notice warning of dismissal if appellant did not respond within ten days and show good cause why the action should not be dismissed for failure to prosecute.

{¶ 9} On August 9, 2013, with leave of court, appellant filed a "Motion and Memorandum in Opposition to Defendant's Motions to Dismiss For Failure to Prosecute/Motion for Summary Judgment." Appellant pointed out that paper discovery had been conducted and appellant and Dr. Sullivan had already been deposed. Appellant claimed the letters attached to appellees' motion evidenced her efforts to help schedule Dr. Apesos' deposition. Appellees just did not want to pay Dr. Apesos at his requested

---

[1] Appellees argued Dr. Apesos' affidavit of merit attached to the complaint was of no consequence in the face of their motion for summary judgment citing Civ.R. 56(E) and 10(D)(2)(d).

rate, and appellees should subpoena Dr. Apesos to secure him for deposition. Appellant argued appellees were trying to circumvent Dr. Apesos' fee with their motion, and a second dismissal of the action under the circumstances was unwarranted. Appellant countered Dr. Sullivan's affidavit with an affidavit executed by Dr. Apesos supporting appellant's malpractice claim. Appellant argued Dr. Apesos' affidavit created a genuine issue of material fact rendering summary judgment inappropriate.

{¶ 10} Appellees replied in support to their motion arguing, in part, that Dr. Apesos' affidavit offered in opposition to their motion for summary judgment should be stricken pursuant to Loc.R. 43 of the Franklin County Court of Common Pleas, General Division. Appellees noted the rule states: "Any witnesses not disclosed in compliance with this rule may not be called to testify at trial, unless the Trial Judge orders otherwise for good cause and subject to such conditions as justice requires." Loc.R. 43.04.

{¶ 11} On September 13, 2013, the trial court granted appellees' combined motion. The trial court found appellees' motion to dismiss well-taken based on appellant's failure to cooperate with appellees during discovery. The trial court further noted appellant never filed a witness disclosure with the court as required by Loc.R. 43. Accordingly, the trial court excluded Dr. Apesos' affidavit from consideration when ruling on summary judgment. In the absence of Dr. Apesos' affidavit, the trial court found no genuine issue of material fact and determined appellees were entitled to judgment as a matter of law.

{¶ 12} Appellant timely appealed the trial court's judgment to this court.

## II. ASSIGNMENTS OF ERROR

{¶ 13} Appellant presents us with the following assignments of error to review:

> I. The Trial Court committed prejudicial error and abused its Discretion when it determined that the Court determined that the Defendants Motion to Dismiss For Failure to Prosecute was well taken per Ohio Rule Of Civil Procedure 41 (B) because the Plaintiff as found by the Court to be uncooperative with defense counsel because the Plaintiff had failed to produce any of its expert witnesses, especially Dr. James Apesos M.D. etc., for a deposition after repeated requests by Defendants to do and so and after the plaintiff's explained in a timely response to a Ohio Civil Procedure Rule 40 Notice that Plaintiffs [sic] had made numerous efforts to do so but failed to provide any dates for the plaintiff's expert deposition as among the various logistical reasons was the

Defendants were refusing to pay the expert witness fees in advance before the expert would voluntarily make himself available as the defendants believed the requested experts witness fee was unreasonable and the defendants had not complied with any proper discovery procedures by issuing subpoenas, issuing written interrogatories, or any other discovery methods including the procedure for obtaining an expert witnesses deposition per this court's ruling in Fletcher v. Bolz, 35 Ohio App.3d 129m (10th App. Dist- 1987).

II. The Trial Court committed prejudicial error and abused its discretion by granting the Defendants Motion to Dismiss and Defendants Motion for Summary Judgment when the Plaintiff responded timely to the Trial Court's Notice of Possible Dismissal per Ohio Rule of Civil Procedure 41(B) and when the Court utilized Ohio Civil of Procedure Rule 56 (f) to prevent further discovery by both parties as an improper sanction when the Case Schedule Discovery Cutoff per Local Court Rule 39.04(B) had not expired for both Parties.

III. The Trial Court committed prejudicial error and abused its discretion by ordering the exclusion of Plaintiffs evidentiary expert affidavit per Local Rule 43 which was to be utilized in opposition to defendants affidavit in the defendants Motions for Dismissal and Defendants Motion for Summary Judgment when Plaintiff had technically not complied with Local Rule 43 not filing an Identification of Witness list which complied with Local Court Rule 43 when the 'Defendant could not and had not established that they were surprised or prejudiced by Plaintiffs technical violation as Plaintiffs counsel had disclosed all the names and relevant contact information of all witnesses , expert or otherwise , and Plaintiffs had produced all medical records and physician medical reports of the expert physician in written discovery and the Defendants had not complied with Local Rule 43.03(c) and neither party had stated because of the Plaintiffs violation they could not complete discovery by October 1, 2013 which was the Case Schedule date per Local Rule 39(B) 1, 2013 and therefore a lesser sanction other than the sanction to exclude Plaintiffs proffered affidavit evidence Local Rule 39(C) and 39(D) and Ohio Rule of Civil Procedure 56(F) of a court order for both parties to continue discovery utilizing all appropriate discovery procedures available would have been more appropriate as there had not been a prior sanction or request for sanctions requested by Defendants against the Plaintiff or either party for failing to complete the discovery

per the established procedures or Plaintiff and or Defendant would both face sanctions by the Court as said lesser sanction would be more appropriate, proportionate to the Plaintiffs technical violation, and just to all parties since the discovery cutoff date was over 2 1/2 months away from the filing of the Defendants Motion to Dismiss/Summary Judgment and the only issue raised by the Defendants in the Motion for Summary Judgment was that the Plaintiff was not in strict compliance with Local Court Rule 43 and therefore the Court committed PREJUDICIAL ERROR and Abused its Discretion when it utilized the harsh remedy of exclusion of Plaintiffs evidence which gutted the Plaintiffs response to and eliminated Plaintiffs defense to Defendants Motion for Summary Judgment where the record also discloses the Plaintiff had been cooperative and was working with Defendants to complete discovery by October 1, 2013 and the Court had less punitive measures available.

(Sic passim.) Since resolution of appellant's third assignment of error is dispositive in this case, we begin by addressing that assignment of error.

## III. DISCUSSION

{¶ 14} In appellant's third assignment of error, she argues the trial court committed prejudicial error by granting appellees' motion for summary judgment. She asserts the trial court erred by excluding Dr. Apesos' affidavit submitted in opposition to summary judgment pursuant to Loc.R. 43. Appellant admits to not filing witness disclosures with the court as required by Loc.R. 43, but claims all of her witnesses were informally disclosed to appellees or otherwise known; thus, appellees were not surprised or prejudiced by Dr. Apesos' affidavit. Appellant complains appellees did not technically comply with Loc.R. 43 either, and a lesser sanction than excluding Dr. Apesos' affidavit was appropriate. Appellant notes the discovery deadline had not yet passed when appellees filed their motion for summary judgment. She believes the trial court should have ordered the parties to continue discovery pursuant to Civ.R. 56(F), and the record reflects she was cooperative in discovery up to the point appellees filed their motion for summary judgment. We disagree with appellant. The trial court did not err in granting appellees' motion for summary judgment.

{¶ 15} We review the trial court's grant of summary judgment de novo. *Titenok v. Wal-Mart Stores E., Inc.*, 10th Dist. No. 12AP-799, 2013-Ohio-2745, ¶ 6; *Coventry Twp.*

*v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995).  Summary judgment is proper when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor.  *Tilley v. Dublin*, 10th Dist. No. 12AP-998, 2013-Ohio-4930, ¶ 19, citing *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997); Civ.R. 56(C).  Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).  Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial.  *Dresher* at 293; *Vahila v. Hall*, 77 Ohio St.3d 421, 430 (1997); Civ.R. 56(E).

{¶ 16} Additionally, we note the decision to admit or exclude evidence lies within the sound discretion of the trial court, and an appellate court will not disturb such a decision absent an abuse of discretion.  *Burton v. Triplett*, 10th Dist. No. 01AP-357 (Feb. 14, 2002), citing *O'Brien v. Angley*, 63 Ohio St.2d 159, 163 (1980); *Stockdale v. Baba*, 153 Ohio App.3d 712, 2003-Ohio-4366, ¶ 64 (10th Dist.).  An "abuse of discretion" implies that the court acted in an unreasonable, arbitrary or unconscionable manner.  *Banford v. Aldrich Chem. Co., Inc.*, 126 Ohio St.3d 210, 2010-Ohio-2470, ¶ 38, citing *State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317.

{¶ 17} Our primary inquiries under this assignment of error are whether the trial court had authority under Loc.R. 43 to exclude Dr. Apesos' affidavit offered in opposition to summary judgment, and whether excluding the affidavit and granting appellees' motion for summary judgment was in error.  We note that appellant does not challenge

the validity and enforceability of Loc.R. 43.[2]   Appellant challenges the trial court's application of the rule.

{¶ 18}  Loc.R. 43 provides in pertinent part:

> **43.01. (04-26-00) Initial Joint Disclosure of All Witnesses**
>
> Each party shall, not later than the date for disclosure designated in the Case Schedule, serve on all parties and file with the court a written disclosure of all persons with relevant factual or expert knowledge whom the party reserves the option to call as witnesses at trial.
>
> **43.02. (04-26-00) Supplemental Joint Disclosure of All Witnesses**
>
> Each party shall, no later than the date for disclosure designated in the Case Schedule, serve on all parties and file with the court a written disclosure of all persons whose factual or expert knowledge did not appear relevant until the witnesses were initially disclosed, whom the party reserves the option to call as witnesses at trial.
>
> * * *
>
> **43.04. Exclusion of Testimony**
>
> Any witnesses not disclosed in compliance with this rule may not be called to testify at trial, unless the Trial Judge orders otherwise for good cause and subject to such conditions as justice requires.

{¶ 19}  This court has approved of reading Loc.R. 43 in conjunction with Civ.R. 56(E) under the circumstances in this case.  *Nu-Trend Homes, Inc. v. Law Offices of DeLibera, Lyons & Bibbo*, 10th Dist. No. 01AP-1137, 2003-Ohio-1633, ¶ 71-73.  Civ.R. 56(E) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth *such facts as would be admissible in evidence*, and shall show affirmatively that the affiant is

---

[2] Courts have authority to promulgate local rules.  *McCallister v. Frost*, 10th Dist. No. 07AP-884, 2008-Ohio-2457, ¶ 18, citing *Cassidy v. Glossip*, 12 Ohio St.2d 17, 21 (1967).  Those rules are enforceable so long as they are reasonable and "do not conflict with the organic law, or any valid statute." *Cassidy* at 21; *State ex rel. MADD v. Gosser*, 20 Ohio St.3d 30, 33 (1985); *McCallister* at ¶ 18; *Columbus Check Cashers, Inc. v. Jordan*, 10th Dist. No. 13AP-980, 2014-Ohio-2541, ¶ 5.

> competent to testify to the matters stated in the affidavit. * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

(Emphasis added).

{¶ 20} Appellant admits she did not disclose Dr. Apesos in a witness disclosure filed with the trial court. Indeed, appellant never filed any witness disclosures as required by Loc.R. 43. She argues her failure to comply with Loc.R. 43 should be overlooked because appellees knew Dr. Apesos was appellant's retained expert. He provided the affidavit of merit attached to the complaint and the parties discovery dispute centered around deposing Dr. Apesos. Appellant's rationale is unpersuasive. Whether or not a witness is generally known does not excuse compliance with Loc.R. 43. *See id.* at ¶ 72-73. Moreover, due to appellant's failure to properly disclose Dr. Apesos, the trial court was authorized under Loc.R. 43 to exclude Dr. Apesos' affidavit from the summary judgment evidence, and the trial court did not err in doing so. *Id.* at ¶ 73. In the absence of Dr. Apesos' affidavit, Dr. Sullivan's affidavit denying malpractice stood unopposed. Therefore, the trial court was correct that there was no genuine issue for trial and summary judgment in appellees' favor was appropriate.

{¶ 21} We recognize that Loc.R. 43 allows for overlooking a failure to properly disclose a witness when good cause exists and justice so demands. Loc.R. 43.04. The trial court noted the exception in its judgment entry and chose not to apply it. Pursuant to our review of this case, we cannot find fault with that decision. This case is based on conduct that allegedly occurred in 2008. It was originally filed in 2010 and dismissed in 2011. After refiling in 2012, appellant did not properly litigate her case in compliance with the trial court's local rules. Those rules are in place to ensure the fair and efficient administration of all cases. Loc.R. 43 (Statement of Purpose). This is not a case in which appellant was denied her day in court, and the trial court's decision to exclude Dr. Apesos'

affidavit was not unreasonable, arbitrary or unconscionable.  Accordingly, the trial court's decision must be upheld.

{¶ 22} Appellant's remaining arguments under this assignment of error are misplaced or otherwise untenable.  Appellant's general allegations about cooperation during the discovery process pertain to the trial court's analysis of whether she failed to prosecute, and we need not address them here.  Appellant did not move the court pursuant to Civ.R. 56(F) below, and we have no ruling on such a motion to review.  Appellant's passing reference to Civ.R. 56(F) is not enough to trigger our review.  *See Chase Home Fin., L.L.C. v. Mustafa*, 10th Dist. No. 11AP-846, 2012-Ohio-3764, ¶ 12-13 ("Because appellant's * * * arguments * * * were not properly raised in the trial court, we decline to consider them for the first time on appeal.").  Appellant complains that appellees did not technically comply with Loc.R. 43 either, specifically appellees' supplemental disclosure of witnesses did not include a "brief description of [their] expert's qualifications and summary of [their] expert's opinions and the basis or theory of that opinion."  Loc.R. 43.03(c).  Appellees' supplemental disclosure identified their expert witnesses by name and indicated the witnesses' credentials were provided to appellant's counsel.  Of course, none of those disclosed experts executed an affidavit in support of appellees' motion for summary judgment.  Dr. Sullivan, a named defendant, not a mere witness, executed the affidavit of primary importance here.  Loc.R. 43 could not have prevented Dr. Sullivan from testifying at trial as it could Dr. Apesos.  Therefore, appellant's point about appellees not complying with Loc.R. 43 does not affect our analysis.  Appellant also notes the discovery deadline had not passed when appellees filed their motion for summary judgment.  The witness disclosure deadlines had passed, though.  Those dates were relevant to the trial court's ruling on summary judgment, not the discovery deadline.  Finally, appellant argues the trial court's decision to exclude Dr. Apesos' affidavit was too harsh and a lesser sanction was appropriate.  Having already found no fault with the trial court's decision to exclude Dr. Apesos' affidavit, we reject that contention.

{¶ 23} For these reasons, we overrule appellant's third assignment of error.  By doing so, we render moot appellant's first and second assignments of error.  Appellant's arguments under those assignments of error are duplicative and have already been

addressed, or they pertain to the trial court's ruling on appellees' motion to dismiss. Affirming the trial court's judgment granting summary judgment in favor of appellees is dispositive.  Therefore, further discussion is unnecessary.

## IV.  APPELLEES' MOTION TO STRIKE

{¶ 24}  In their brief, appellees moved this court to strike appellant's brief from the record because it exceeds the page limit set forth in this court's Loc.R. 8(B).  We have just overruled appellant's third assignment of error and rendered her remaining assignments of error moot, thereby concluding this appeal.  There is no reason to strike appellant's brief from the record.  Accordingly, appellees' motion to strike is denied as moot.

## V.  CONCLUSION

{¶ 25}  For the foregoing reasons, appellant's third assignment of error is overruled and appellant's first and second assignments of error are rendered moot.  Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

————————————