[Cite as *Foxfire Village Condominium Unit Owners' Assn. v. Meyer*, 2014-Ohio-3339.]
### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Foxfire Village Condominium Unit Owners' Association, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-986 |
| v. | | (C.P.C. No. 12CV-13109) |
| | : | |
| Mary Meyer, f.k.a. Mary Ruckman | | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant, | : | |
| | : | |
| Unknown Spouse, if any, of Mary Meyer [f.k.a.] Mary Ruckman et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on July 31, 2014

*Griffith Law Offices, Charles R. Griffith* and *Matthew J. Roda*, for appellee Foxfire Village Condominium Unit Owners' Association.

*Michael J. O'Reilly* and *Brian J. Calandra*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Defendant-appellant, Mary Meyer, appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Foxfire Village Condominium Unit Owners' Association ("Foxfire"). For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Foxfire filed a complaint alleging Meyer owed it over $8,000 for condominium assessments. Foxfire had filed a certificate of lien against her

condominium unit.  Foxfire asked the trial court to enter judgment in its favor for the unpaid assessments plus interest and costs and foreclose on its lien.

{¶ 3}  In response, Meyer, acting pro se, filed an answer and "complaint."  At Foxfire's request, the court relabeled the complaint as a counterclaim and struck some statements in it and an exhibit attached to it.  In the statements that remained, Meyer claimed she paid the assessments on time but Foxfire did not cash all her checks.  She alleged Foxfire improperly fined her on numerous occasions and could use the fines as a basis to suspend her voting rights and disallow use of recreational facilities.  Meyer complained she never received an itemized breakdown of the amount she allegedly owed.  In addition, she asked Foxfire to see records for her account twice, and both times the pages for her account were blank.  Meyer alleged Foxfire's board wrongly deprived her and other unit owners the use of a party house and swimming pool.  In addition, she challenged the method Foxfire used to collect for water and sewage costs.

{¶ 4}  Foxfire filed motions for summary judgment with regard to its claims and the counterclaims, which it supported with affidavits from Jim Abbott, its chief financial officer.  According to an itemized payment history incorporated into one affidavit, from May 2008 until July 2013 Meyer had only paid Foxfire $530 and owed $9,785 for unpaid dues and late fees.  Abbott averred all payments received had been applied, and no payments had been held, discarded or lost.  Abbott averred Meyer's voting rights had never been suspended or revoked, and she had not been denied access to records.  Foxfire also claimed its board, which the condominium owners voted for, had authority to permit on-site management to use the party house, temporarily close the swimming pool, and change the manner in which owners paid for water and sewage.

{¶ 5}  Meyer requested an extension of time to respond to Foxfire's motions due to medical problems, which the court granted.  In her "counter motion" to Foxfire's motions for summary judgment, she continued to maintain she paid all assessments and Foxfire had engaged in wrongdoing.  Meyer supported her contentions with a number of attachments and a document titled "AFFIDAVIT OF MARY RUCKMAN, Defendant, of statements made in answer/complaint and contra summary judgment to plaintiff's motion(s)."  (R. 77.)  The affidavit states:  "I have made no false, deceitful, unfounded or

slanderous declarations.  My attachments are all truthful and deal totally with issues of Foxfire Village regarding the association."  (R. 77.)

{¶ 6}   In its reply brief, Foxfire argued Meyer failed to submit proper summary judgment evidence.  Foxfire complained Meyer's affidavit stated no facts, the affidavit did not specifically incorporate her attachments, and the attachments were otherwise inadmissible.  In addition, Foxfire argued Meyer's claims were barred by the doctrine of res judicata.

{¶ 7}   Meyer then filed a "Motion to Request Further Discovery and to Postpone 10-28-13 hearing," i.e., the trial date, which stated:

> Defendant has attempted to obtain proof of mailing/receiving checks during the alleged complaint that payments were not made.  Defendant is using the court's subpoena process as the last [alternative] for proof of payment. (Defendant has verbally requested this.)  Additionally, the plaintiff has not answered the requests for meetings.

(R. 81.)

{¶ 8}   The trial court denied Meyer's motion and granted Foxfire's motions for summary judgment.  The court's decision states, in relevant part:

> In its motion for summary judgment as to its Complaint, Plaintiff asserts that it is entitled to judgment as a matter of law as to its claims in foreclosure against Defendant as the evidence clearly shows that she has defaulted in her obligation to pay condominium assessments and dues for a significant portion of time. Additionally, Plaintiff asserts that the allegations and evidence submitted by Defendant, including the Affidavit of Defendant * * * and the many attachments to her memorandum, fail to raise any genuine issues of material fact. Therefore, Plaintiff contends that Defendant has not pointed to any evidence showing a genuine issue of material fact.
>
> Upon consideration, the Court agrees and finds that no genuine issues of material fact exist and Plaintiff is entitled to judgment as a matter of law.  Accordingly, Plaintiff's Motion for Summary Judgment related to its Complaint is **SUSTAINED**.
>
> As to Plaintiff's Motion for Summary Judgment as to the Counterclaim of Defendant, Plaintiff has asserted that the claims of Defendant are without merit and to support that

> claim attached two affidavits of Jim Abbott, Chief Financial Officer of Foxfire * * *. The first was offered to address the status of Defendant's[ ] account with Plaintiff and the second was offered to respond to the specific allegations raised in Defendant's Counterclaim. In response to the evidence offered by Plaintiff, Defendant filed a memorandum contra and attached an affidavit and several documents. Plaintiff replied to Defendant's evidence by asserting several flaws in the form and content of evidentiary materials provided by Defendant. Furthermore, Plaintiff argued that the doctrine of res judicata barred much, if not all, of Defendant's claims, and supported said arguments with certified copies of pleadings and judgments from Case Nos. 02CVH01-1005 and o6CVH-06-8351 * * *.
>
> Upon consideration of the arguments and evidence provided by both parties, the Court agrees and finds that no genuine issues of material fact remain and Plaintiff is entitled to judgment as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment related to the Counterclaim of Defendant is **SUSTAINED**.

(Emphasis sic.) (R. 87.) Then, on November 22, 2013, the trial court issued a judgment decree and order of foreclosure.

## II.  ASSIGNMENTS OF ERROR

{¶ 9}  Meyer appeals[1] and assigns three errors for our review:

1. The Trial Court Erred by granting Appellee's Motion for Summary Judgment as to its claims against Appellant.

2. The Trial Court Erred by denying Appellant's Motion to Request Further Discovery.

3. The Trial Court Erred by granting Ap[p]ellee's Motion for Summary Judgment as to Appellant's claims against Appellee.

For ease of discussion, we will discuss the assigned errors out of order.

## III.  DISCUSSION

### A.  Civ.R. 56(F) Motion

---

[1] Meyer filed a notice of appeal from the October 24, 2013 entry on the summary judgment motions. Foxfire filed a motion to dismiss the appeal, arguing this entry was not a final appealable order. We denied the motion because the trial court rendered a final judgment on November 22, 2013.

{¶ 10} In her second assignment of error, Meyer contends the trial court erred when it denied her motion to request further discovery, which Meyer characterizes as a Civ.R. 56(F) motion.

{¶ 11} Loc.R. 21.01 of the Franklin County Court of Common Pleas, General Division, provides:

> All motions shall be accompanied by a brief stating the grounds and citing the authorities relied upon. The opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion. The moving party shall serve any reply brief on or before the 7th day after the date of service as set forth on the certificate of service attached to the served copy of the answer brief. On the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge. Oral hearings on motions are not permitted except upon leave of the Trial Judge upon written request by a party.

{¶ 12} However, Civ.R. 56(F) states:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 13} As this court recently explained in *Fields v. Buehrer*, 10th Dist. No. 13AP-724, 2014-Ohio-1382, ¶ 12-13:

> "The party seeking the Civ.R. 56(F) continuance bears the burden of establishing why the party cannot present sufficient facts to justify its opposition to a motion for summary judgment without a continuance." *Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 2010-Ohio-4601, ¶ 100 (10th Dist.), citing *Perpetual Fed. Savs. Bank v. TDS2 Prop. Mgt., LLC*, 10th Dist. No. 09AP-285, 2009-Ohio-6774, ¶ 13, and *Waverly City School Dist. Bd. of Edn. v. Triad Architects, Inc.*, 10th Dist. No. 08AP-329, 2008-Ohio-6917, ¶ 17. "The moving party cannot meet this burden with mere allegations; rather, the moving party must aver in an affidavit a particularized factual basis that explains why further discovery is necessary." *Id.*, citing *Morantz v. Ortiz,* 10th Dist.

No. 07AP-597, 2008-Ohio-1046, ¶ 22, and *Hahn v. Groveport,* 10th Dist. No. 07AP-27, 2007-Ohio-5559, ¶ 30. "Simply requesting a continuance in order to conduct discovery is not a sufficient explanation for why a party cannot present affidavits in opposition to the motion for summary judgment." *Brown v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 12AP-891, 2013-Ohio-4207, ¶ 16, citing *ABN AMRO Mtge. Group, Inc. v. Roush,* 10th Dist. No. 04AP-457, 2005-Ohio-1763, ¶ 22.

An appellate court reviews a trial court's denial of a Civ.R. 56(F) motion for an abuse of discretion. *Id.* at ¶ 14, citing *Roush* at ¶ 23. The phrase "abuse of discretion" implies the court had an unreasonable, arbitrary or unconscionable attitude. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 14} In her motion, Meyer indicated she unsuccessfully tried to get proof she sent Foxfire checks and wanted to use subpoenas in a final effort to obtain this proof. On appeal, Meyer claims she previously told the trial court Foxfire resisted providing discovery. She did not get an accounting of the amounts she purportedly owed until Foxfire filed for summary judgment. Meyers claims that until she got this accounting, she could not properly defend herself. She likens this case to *Tucker v. Webb Corp.*, 4 Ohio St.3d 121 (1983), in which the Supreme Court of Ohio found a trial court erroneously granted summary judgment because the opposing party was allotted insufficient time to discover essential facts in a products liability action.

{¶ 15} Foxfire filed its motions for summary judgment on July 24 and 25, 2013. After receiving an extension of time to reply, Meyer filed her memorandum contra on September 19, 2013. She did not file her "Civ.R. 56(F)" motion until October 18, 2013, after Foxfire filed a reply brief. By that time, the discovery cut-off date had passed, and the matter had effectively been submitted to the court for a non-oral hearing. *See* Loc.R. 21.01 of the Franklin County Court of Common Pleas, General Division. Meyer did not ask the court to delay ruling on the motions for summary judgment. Instead, she asked the court to continue the trial date. Even if we construed Meyer's request as a Civ.R. 56(F) motion, she did not support it with an affidavit. Also, absent from the record are any discovery requests or a motion to compel. Thus, the trial court's denial of Meyer's motion was not an abuse of discretion, and we overrule the second assignment of error.

**B. Summary Judgment**

{¶ 16} Appellate review of summary judgment is de novo, which necessitates an independent review of the record without deference to the trial court's decision. *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, ¶ 24; *Miller v. J.B. Hunt Transport, Inc.*, 10th Dist. No. 13AP-162, 2013-Ohio-3892, ¶ 20. Under Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment "is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party." *Brown v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 12AP-891, 2013-Ohio-4207, ¶ 20, citing *Stevens v. Ohio Dept. of Mental Health*, 10th Dist. No. 12AP-1015, 2013-Ohio-3014, ¶ 11, citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 17} Under Civ.R. 56(C), "the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact." *Anderson v. Preferred Title & Guaranty Agency, Inc.*, 10th Dist. No. 13AP-385, 2014-Ohio-518, ¶ 14, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims." *Id.*, citing *Dresher* at 293, and *Vahila v. Hall*, 77 Ohio St.3d 421 (1997). "Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial." *Id.*, citing *Dresher* at 293; *Vahila* at 430.

{¶ 18} Additionally, the decision to admit or exclude evidence lies within the sound discretion of the trial court, and an appellate court will not disturb such a decision absent an abuse of discretion. *Foster v. Sullivan*, 10th Dist. No. 13AP-876, 2014-Ohio-2909, ¶ 16, citing *Burton v. Triplett*, 10th Dist. No. 01AP-357 (Feb. 14, 2002), citing *O'Brien v. Angley*, 63 Ohio St.2d 159, 163 (1980).

### 1. Appellee's Claims

{¶ 19} In her first assignment of error, Meyer contends the trial court erred when it granted Foxfire summary judgment as to Foxfire's claims against her. Meyer argues the trial court overlooked evidence in support of her claim that Foxfire created the debt at issue by not cashing her checks. Specifically, Meyer points to statements in her memorandum contra to the effect that she mailed Foxfire a check each month, but for unknown reasons the checks were not cashed. Meyer claims she properly incorporated these facts by reference into her affidavit, so these statements qualify as appropriate summary judgment evidence. According to Meyer, these statements create a genuine issue of material fact regarding her defense that Foxfire failed to abide by the standards of good faith and fair dealing implied in all business relationships.

{¶ 20} As Meyer acknowledges, it is implicit from the trial court's ruling on the summary judgment motions the court agreed with Foxfire's objections regarding her affidavit and excluded it from evidence. Meyer takes issue with the court's failure to provide a more detailed analysis of its decision to exclude this evidence. She claims this lack of detail shows the court did not review her evidence but, instead, took Foxfire's criticisms of it at face value. However, the lack of detail in the trial court's decision does not prove this. *See* Civ.R. 52 (stating the findings of fact and conclusions of law required by that rule are unnecessary in a ruling on a Civ.R. 56 motion).

{¶ 21} Civ.R. 56(E) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." *See State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 466-67 (1981) ("*Corrigan II*").

{¶ 22} Meyer appears to implicitly acknowledge her affidavit itself did not set forth facts. However, she argues under *Corrigan II*, she properly incorporated into her affidavit factual statements in her memorandum contra to the motions for summary judgment. In *State ex rel. Corrigan v. Seminatore*, 8th Dist. No. 40343 (Mar. 6, 1980) ("*Corrigan I*"), the defendants submitted an affidavit in support of their motion for summary judgment. The affiant "declared he had personal knowledge of the matters" set forth in the affidavit. *Id.* He also averred "[a]ll the facts, as set forth in the Preliminary Statement of Facts, are herewith referred to and incorporated herein as though fully re-written and are true to the best of my knowledge and belief." *Id.* The preliminary statement of facts was in the fact summary of the brief in support of the summary judgment motion. *Id.* The Eighth District found the affidavit did not comply with Civ.R. 56(E), in part, because the preliminary statement of facts was not based on the affiant's personal knowledge. *Id.*

{¶ 23} In *Corrigan II*, the Supreme Court of Ohio reversed, finding in part:

> The statement in the affidavit that the facts set forth in the preliminary statement are incorporated and "are true to the best of my knowledge and belief" is sufficient to constitute an affidavit. The form leaves much to be desired, especially when read in light of the preliminary statement of facts because in some instances it is not clear what matters are argument and what matters are factual statements. *It is within the sound discretion of the trial court to require such an affidavit to be made more precise and to include, rather than incorporate by reference, the facts which are being verified.* In this case, however, the trial court exercised its discretion to accept the affidavit in the form submitted. We find no abuse of discretion, and the Court of Appeals erred in finding the affidavit to be insufficient as a matter of law.

(Emphasis added.) *Id.* at 467-68.

{¶ 24} Here, it appears Meyer tried to incorporate into her affidavit every statement made in her answer, "complaint," and memorandum contra to summary judgment. The trial court's decision to exclude such evidence was not unreasonable, arbitrary or unconscionable. Meyer's pleadings and memorandum contra collectively encompass 34 pages. In these documents, Meyer made no effort to separate fact from argument. Additionally, her affidavit ignores the fact that the court previously relabeled

her complaint as a counterclaim and struck statements from it. The trial court was within its discretion to reject Meyer's affidavit in this form and exclude from evidence the statements in her pleadings and memorandum contra.

{¶ 25} Meyer also contends the trial court erred by excluding from evidence the 45 pages of attachments she incorporated by reference into her affidavit. Meyer concedes some of the attachments might not have been admissible but suggests the court improperly excluded all of her attachments for this reason instead of considering the admissibility of each individual attachment. This complaint about the court's methodology is unsupported by the record. Moreover, even if we determined all the attachments were properly before the trial court, Meyer failed to direct this court to anything in the attachments that creates a genuine issue of material fact for trial. Therefore, any error in their exclusion was harmless. *See* Civ.R. 61.

{¶ 26} Given Meyer's failure to provide the trial court with admissible summary judgment evidence that demonstrated a genuine issue of material fact existed, we find no error in the court's decision to grant Foxfire summary judgment on its claims. We note Meyer's suggestion that Foxfire presented no evidence it accepted all her payments is unavailing as Abbott averred all the funds received for Meyer's unit were applied to outstanding association dues and assessments.

{¶ 27} Accordingly, we overrule the first assignment of error.

### 2. Appellant's Counterclaims

{¶ 28} In her third assignment of error, Meyer contends the trial court erred when it granted Foxfire summary judgment on her counterclaims for breach of contract and a violation of R.C. 5311.091(A). Meyer makes no argument regarding her claims about fines, the swimming pool and party house, and the collection of water and sewage fees.

{¶ 29} Meyer contends she had a breach of contract counterclaim based on Foxfire's refusal to accept her properly tendered payments, and the statements in her memorandum contra, which were incorporated into her affidavit, created a genuine issue of material fact as to this counterclaim. Foxfire argues Meyer never made a breach of contract counterclaim. Even if she did, we already determined the trial court properly excluded from evidence statements in the memorandum contra. Therefore, her argument is meritless.

{¶ 30} Next, Meyer contends she had a counterclaim for a violation of R.C. 5311.091(A), which states:

> Except as otherwise prohibited by this section, any member of a unit owners association may examine and copy the books, records, and minutes described in division (A) of section 5311.09 of the Revised Code pursuant to reasonable standards set forth in the declaration, bylaws, or rules the board promulgates, which may include, but are not limited to, standards governing the type of documents that are subject to examination and copying, the times and locations at which those documents may be examined or copied, and the specification of a reasonable fee for copying the documents.

{¶ 31} In her counterclaim, Meyer alleged she "approached [Foxfire] with a request to see her account.  Both times the page(s) for [her] account were <u>blank</u>." (Emphasis sic.)  (R. 54.)  It is unclear when Meyer purportedly viewed these blank pages. On appeal, she complains in his affidavits, Abbott only averred Meyer's access to records had not been denied and did not address the contention her records were blank.  She contends that if her records were incomplete when she inspected them, Foxfire would still be in violation of R.C. 5311.091(A).  As Foxfire pointed out in its brief, R.C. 5311.091(A) discusses the right to examine and copy records, not the content of records or when they must be updated.  In her reply brief, Meyer claims Foxfire violated R.C. 5311.09(A)(1)(b), which required it to keep "[r]ecords showing the allocation, distribution, and collection of the common profits, losses, and expenses among and from the unit owners." However, we will not address an argument raised for the first time in a reply brief.  *See Huffer v. Brown*, 10th Dist. No. 12AP-1086, 2013-Ohio-4384, ¶ 10.

{¶ 32}  For the foregoing reasons, we overrule the third assignment of error.

## IV.  CONCLUSION

{¶ 33}  Having overruled each of the assigned errors, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.