[Cite as *Pickens v. Kroger Co.*, 2014-Ohio-4825.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Janetta L. Pickens, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-215 |
| v. | : | (C.P.C. No. 13CVC- 7440) |
| Kroger Company, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 30, 2014

*Joy L. Marshall*, for appellant.

*Weston Hurd LLP, Kevin R. Bush* and *Joshua C. Berns*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Janetta L. Pickens ("appellant"), appeals the February 18, 2014 judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Kroger Company ("appellee"), and granting appellee's motion to strike appellant's affidavit filed in support of her memorandum contra to the motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} Appellant filed a complaint on July 9, 2013 in the court of common pleas, alleging that, on or about July 9, 2011, she was a patron at a store owned by appellee, and that, while in appellee's store, she slipped and was injured as a result of appellee's negligence. On November 7, 2013, appellee filed a motion for summary judgment,

asserting that there remained no genuine issues of material fact for trial and offering appellant's deposition in support of its contentions.

{¶ 3}   On November 21, 2013, appellant filed a motion for an extension of time to respond to appellee's motion for summary judgment. On November 25, 2013, appellee filed a motion to strike portions of appellant's motion for an extension of time that asserted a genuine issue of material fact remained for trial, while stating that appellee did not otherwise oppose the extension of time. In an entry filed on December 2, 2013, the trial court granted appellant's motion for an extension of time and granted in part appellee's motion to strike, noting that the court disregarded appellant's arguments related to alleged issues of material fact in the motion for extension of time.

{¶ 4}   On December 31, 2013, appellant filed a memorandum contra to the motion for summary judgment and filed an affidavit containing appellant's own statement in support of the memorandum contra. On January 13, 2014, appellee filed a reply memorandum in support of its motion for summary judgment and a motion to strike appellant's affidavit, alleging that it directly contradicted appellant's prior deposition testimony.

{¶ 5}   On February 18, 2014, the trial court granted both the motion for summary judgment and the motion to strike appellant's affidavit, citing appellant's lack of response to the motion to strike.

## II. Assignments of Error

{¶ 6}   Appellant appeals, assigning the following two errors for our review:

[I.] THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT THAT SHOULD HAVE BEEN PRESENTED FOR THE JURY.

[II.] THE TRIAL COURT ERRED WHEN IT STRUCK THE PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

As the propriety of summary judgment necessarily depends upon the extent of the evidence properly before the trial court, we first address appellant's second assignment of error.

### III. Second Assignment of Error—Motion to Strike

{¶ 7}   Appellant's second assignment of error asserts that the trial court erred by granting appellee's motion to strike appellant's affidavit because it clarifies statements in appellant's deposition, regardless of whether or not appellant filed a memorandum in opposition to the motion to strike. Appellee responds that the trial court properly struck appellant's affidavit in support of her memorandum contra to the motion for summary judgment because it contradicts her prior deposition testimony in an effort to create a genuine issue of material fact where none exists. Appellee also notes that appellant never offered a response to the motion to strike the affidavit.

{¶ 8}   We first address appellant's failure to respond to the motion to strike. We have previously held that, regardless of the party's failure to file a response to a motion to strike, the attempt to introduce supplemental authority in the context of a motion for summary judgment is sufficient to preserve any arguments related to its admissibility and relevance upon appeal. *Key Bank Natl. Assn. v. Southwest Greens of Ohio L.L.C.*, 10th Dist. No. 11AP-920, 2013-Ohio-1243, ¶ 67, citing *Douglass v. Salem Community Hosp.*, 153 Ohio App.3d 350, 2003-Ohio-4006, ¶ 20 (7th Dist.). We therefore consider the merits of appellant's assignment of error.

{¶ 9}   A trial court may consider evidence in the form of an affidavit submitted by one of the parties in deciding a motion for summary judgment provided that the affidavit is made on personal knowledge, sets forth such facts as would be admissible in evidence, and affirmatively shows that the affiant is competent to testify to matters stated in the affidavit. Civ.R. 56(E). We review for abuse of discretion the decision of a trial court to grant or deny a motion to strike an affidavit. *Key Bank* at ¶ 68; *State ex rel. O'Brien v. Messina*, 10th Dist. No. 10AP-37, 2010-Ohio-4741, ¶ 21.

{¶ 10} "When determining the effect of a party's affidavit that appears to be inconsistent with the party's deposition and that is submitted either in support of or in opposition to a motion for summary judgment, a trial court must consider whether the affidavit contradicts or merely supplements the deposition." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, paragraph one of the syllabus. "An affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat

the motion for summary judgment." *Id.* at paragraph three of the syllabus. Where a party submits a contradictory affidavit without sufficient explanation, the trial court may properly grant a motion to strike the affidavit and, where appropriate, may also grant a motion for sanctions. *See* Civ.R. 56(G); *Byrd* at ¶ 27 ("Sham affidavits are subject to a motion to strike and motions for sanctions.").

{¶ 11} We must, therefore, review appellant's testimony in her deposition and affidavit and determine whether the affidavit contradicts or supplements the deposition. Appellant testified in her deposition as follows:

> Q.  After the fall, you indicated to me that you saw a cup on the floor?
>
> A.  Right.
>
> Q. Did you actually see the cup on the floor as you were sitting on the floor after your fall?
>
> A . Right. It was to the right where that little stand was.
>
> Q.  What color was the cup?
>
> A.  I don't remember.
>
> Q.  Other than this cup, did you see any substance on the floor?
>
> A.  Yes, it was brown and white. So I figured -- they were selling floats that day, so I figured it had to be one of those.
>
> * * *
>
> Q.  Had you looked down in that area where you saw the cup after you fell, had you looked in that area before you fell, would you have seen that cup?
>
> A.  If I would have looked before I fell?
>
> Q. Yes.
>
> A.  If I had been looking down before I fell, I would have saw [sic] the spill when I probably saw [sic] the cup because I would have looked to see where the spill was coming from. If I had looked down and then looked to the right, yes. I would have saw [sic] all that. But when I was walking, I was walking and thinking, okay, I got this, I got this. I'm just walking, and then I fall.

Q.  In other words, there wasn't anything that prevented you from seeing the cup and spill had you looked down right before you fell?

A.  I don't know. Preventing me from seeing?

Q.  Yes, obstructing your view of it.

A.  I don't know. We will have -- I don't know.

(Appellant's Depo., 62-63, 65-66.)

{¶ 12} Appellant's affidavit states:

I went into the Kroger store and began scanning the store for items from my list. My eyes were not fixated on the floor. I slipped on the float that was on the store floor. I mentioned that if I had looked down *and then right*, I may have seen it. I am not sure. It was not obvious. The float, with a mixture of the brown root beer and the vanilla ice cream, made a tan liquid. I recall that it may have been the same color as the floor, which I also recalled as tan. There was also the wooden stand, which obstructed the spill on the floor. Once down on the floor, I saw the spill and its source completely.

(Emphasis sic.) (Appellant's December 31, 2013 Affidavit in Support of Memorandum Contra Motion for Summary Judgment.)

{¶ 13} Appellant's averment that a wooden stand obstructed her view of the spill contradicts appellant's deposition testimony in which she stated that she did not know if there was an obstruction preventing her from viewing the spill. *See Bailey v. Topline Restaurants, Inc.*, 10th Dist. No. 11AP-359, 2012-Ohio-1759, ¶ 23-24 (detailed, conclusive account in affidavit inconsistent with vague or lack of recollection in deposition testimony). Appellant provides no explanation for the inconsistency between these statements. As a result of her failure to provide a sufficient explanation for the contradiction, appellant cannot rely on her affidavit in response to the motion for summary judgment to create a genuine issue of material fact. *Byrd* at ¶ 28. *See also King v. E. Worthington Village*, 10th Dist. No. 13AP-324, 2013-Ohio-4160, ¶ 23; *Bailey* at ¶ 25.

{¶ 14} As appellant's affidavit could not be used to create a genuine issue of material fact for purposes of summary judgment regardless of whether the trial court granted or denied the motion to strike, we cannot find that the trial court abused its

discretion in granting appellee's motion to strike the affidavit. Accordingly, we overrule appellant's second assignment of error.

## IV. First Assignment of Error—Summary Judgment

{¶ 15} Appellant's first assignment of error asserts that the trial court erred by granting summary judgment where appellant presented evidence that appellee created a foreseeable hazard and the hazard was not open and obvious. Appellant also contends that it was improper for the trial court to grant summary judgment when appellant requested additional time to conduct discovery. Appellee responds that the trial court did not err by granting summary judgment where there is no genuine issue of material fact because appellant admitted in deposition testimony that she would have observed the hazard prior to falling if she had been looking, thereby rendering the hazard open and obvious. Appellee also contends that granting summary judgment is proper where appellant has provided no evidence that appellee created the hazard.

{¶ 16} First, we examine appellant's contention in her appellate brief that she "moved for additional time to respond, after the discovery was completed" and that the trial court failed to rule on such request. (Appellee's Brief, 6.) Appellant asserts that, if the trial court had granted her request for additional time to conduct discovery, appellant would have been able to procure an affidavit to further support the existence of genuine issues of material fact. Civ.R. 56(F) provides the trial court with discretion to grant a continuance for a party opposing the motion for summary judgment to obtain affidavits or additional discovery. However, after thorough review, the record does not reflect, nor does appellant specifically point to, a motion filed by appellant pursuant to Civ.R. 56(F) requesting a continuance to complete discovery.

{¶ 17} Appellant's motion for additional time to respond to the motion for summary judgment states that "the discovery cutoff is in April of 2014" and that she "is confident that additional discovery, to include the procurement of a supporting affidavit will further show that there are genuine issues of material fact." (Nov. 21, 2013 Motion, 2.) Although the trial court disregarded appellant's statements concerning the presence of genuine issues of material fact, it granted appellant's request for an extension of time, and appellant filed an affidavit in support of her memorandum contra. Nevertheless, appellant seems to suggest that this extension was insufficient to conduct required discovery.

However, even if we were to construe appellant's motion for additional time to respond to the motion for summary judgment as a Civ.R. 56(F) motion, appellant fails to meet the qualifications for granting a Civ.R. 56(F) request.

{¶ 18} We have previously held that a party is not entitled to rely on the discovery cutoff date as a threshold before which the trial court may not entertain a motion for summary judgment. *Whiteside v. Conroy*, 10th Dist. No. 05AP-123, 2005-Ohio-5098, ¶ 38, citing *Doriott v. MVHE, Inc.*, 2d Dist. No. 20040, 2004-Ohio-867, ¶ 45. The party moving for a continuance pursuant to Civ.R. 56(F) " 'bears the burden of establishing why the party cannot present sufficient facts to justify its opposition to a motion for summary judgment without a continuance.' " *Foxfire Village Condominium Unit Owners' Assn. v. Meyer*, 10th Dist. No. 13AP-986, 2014-Ohio-3339, ¶ 13, quoting *Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 2010-Ohio-4601, ¶ 100 (10th Dist.). " 'The moving party cannot meet this burden with mere allegations; rather, the moving party must aver in an affidavit a particularized factual basis that explains why further discovery is necessary.' " *Foxfire* at ¶ 13, quoting *Ford* at ¶ 100. We review a trial court's denial of a Civ.R. 56(F) motion for abuse of discretion. *Singleton v. Ohio Concrete Resurfacing, Inc.*, 10th Dist. No. 06AP-991, 2007-Ohio-2012, ¶ 21.

{¶ 19} Even if we were to construe appellant's motion for additional time as a motion for a continuance to conduct additional discovery pursuant to Civ.R. 56(F), appellant failed to provide an affidavit supporting her request. Despite the period of nearly four months between the filing of the complaint and the motion for summary judgment, the record fails to reflect any discovery requests by appellant or a motion to compel. *See Whiteside* at ¶ 39 ("[A] party's own lack of diligence undermines his or her claim that sufficient reasons exist for a Civ.R. 56(F) continuance"). Finally, appellant provides no specific examples of evidence sought through discovery that she would not have been able to obtain absent a continuance. Thus, even viewing appellant's motion for an extension of time to respond to the motion for summary judgment as a Civ.R. 56(F) motion, appellant failed to meet her burden of establishing why she could not respond to the motion for summary judgment without a continuance.

{¶ 20} As a result, we find no merit in appellant's contention that the trial court erred by not allowing additional time for discovery. *Foxfire* at ¶ 15. We therefore consider

appellant's contention that genuine issues of material fact remained so as to preclude summary judgment.

{¶ 21} An appellate court reviews summary judgment under a de novo standard. *Reed v. Davis*, 10th Dist. No. 13AP-15, 2013-Ohio-3742, ¶ 9. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists; (2) the moving parties are entitled to judgment as a matter of law; and (3) reasonable minds viewing the evidence most strongly in favor of the nonmoving party could reach but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56; *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 11.

{¶ 22} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact by pointing to specific evidence of the type listed in Civ.R. 56(C). *Id.* at ¶ 12, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies its initial burden, summary judgment is appropriate unless the nonmoving party responds, by affidavit or as otherwise provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 23} " 'Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party.' " *Vossman v. AirNet Sys.*, 10th Dist. No. 12AP-971, 2013-Ohio-4675, ¶ 13, quoting *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992). " 'Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion.' " *Vossman* at ¶ 13, quoting *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998), citing *Turner v. Turner*, 67 Ohio St.3d 337, 341 (1993).

{¶ 24} Here, there is no dispute that appellant was a business invitee when she entered appellee's store. Business owners owe business invitees a duty of ordinary care in

maintaining the premises in a reasonably safe condition so as not to unnecessarily and unreasonably expose invitees to danger. *Byrd v. Arbors E. Subacute & Rehab. Ctr.*, 10th Dist. No. 14AP-232, 2014-Ohio-3935, ¶ 9, citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985). However, business owners are not insurers of an invitee's safety or against all forms of accidents that may occur. *Byrd* at ¶ 9, citing *Paschal* at 203-04. "No presumption or inference of negligence arises from the mere occurrence of an accident or from the mere fact that an injury occurred." *Byrd* at ¶ 9.

{¶ 25} "The open-and-obvious doctrine 'eliminates the common law duty of ordinary care to maintain the premises in a reasonably safe condition and to warn invitees of latent or hidden dangers that a premises owner owes to invitees.' " *Price v. Dept. of Rehab & Corr.*, 10th Dist. No. 14AP-11, 2014-Ohio-3522, ¶ 10, quoting *Mann v. Northgate Investors L.L.C.*, 10th Dist. No. 11AP-684, 2012-Ohio-2871, ¶ 9, affirmed 138 Ohio St.3d 175, 2014-Ohio-455. "The rationale underpinning the open-and-obvious doctrine is that 'the open and obvious nature of the hazard itself serves as a warning, so that owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it.' " *Price* at ¶ 10, quoting *Mann* at ¶ 9.

{¶ 26} " 'If the record reveals no genuine issue of material fact as to whether the hazard was free from obstruction and readily appreciated by an ordinary person, the open and obvious nature of the danger may appropriately be determined as a matter of law.' " *Price* at ¶ 11, quoting *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 19. "However, a question remains for trial 'if reasonable minds could differ about whether the hazard was free from obstruction and readily appreciated by an ordinary person.' " *Price* at ¶ 11, quoting *Mayle* at ¶ 19.

{¶ 27} Here, appellant's deposition testimony reflects that, after entering appellee's business, she slipped and fell. After falling, she noticed that in the area where she fell there was a "brown and white" substance on the floor near a medium-sized cup. As earlier noted, appellant stated in her deposition testimony that, "[i]f I had been looking down before I fell, I probably would have saw [sic] the spill when I probably saw the cup" and that "[i]f I had looked down and then looked to the right, yes, I would have saw [sic] all that." (Appellant's Depo., 65.)

{¶ 28} Appellant points to *Francill v. The Andersons, Inc.*, 10th Dist. No. 00AP-835 (Feb. 15, 2001) in support of her argument that her deposition testimony reflects that the condition was not an open-and-obvious hazard. In *Francill*, the plaintiff slipped and fell in a puddle of water containing leaves and a nail inside a store. The plaintiff stated in her deposition testimony that she did not see the water on the floor, but, if she had looked down, she probably would have seen the water. Based upon the plaintiff's testimony that she would have seen the water had she looked down, the court found that the hazard was an open-and-obvious condition.

{¶ 29} Contrary to appellant's contention, *Francill* supports appellee's argument that appellant's deposition testimony establishes that the spill in this case was an open-and-obvious hazard. Here, the spill was a "brown and white" substance that, as in *Francill*, appellant admits she would have noticed had she looked down as she was walking. We have previously held that "[a]n individual 'does not need to observe a dangerous condition for it to be an "open and obvious" condition under the law; rather, the determinative issue is whether the condition is observable.' " *Jenkins v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 12AP-787, 2013-Ohio-5106, ¶ 11, quoting *Cooper v. Meijer Stores Ltd. Partnership*, 10th Dist. No. 07AP-201, 2007-Ohio-6086, ¶ 13, citing *Lydic v. Lowe's Cos., Inc.*, 10th Dist. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. "Even in cases where the plaintiff did not actually notice the condition until after he or she fell, this court has found no duty where the plaintiff could have seen the condition if he or she had looked." *Jenkins* at ¶ 11. Based upon appellant's own testimony, even though she did not notice the spill until after she had fallen, it was nevertheless an observable condition.

{¶ 30} Construing the evidence most strongly in favor of appellant, reasonable minds could only conclude that the spill in question was an open-and-obvious hazard in that it was both observable and appreciable by an ordinary person, and such person would be expected to discover the hazard and take measures to protect himself or herself. *Price* at 21, citing *Mayle* at 30; *Jenkins* at ¶ 11. As a matter of law, therefore, appellant cannot establish that appellee owed a duty to warn her of the spill.

{¶ 31} Because appellant failed to demonstrate that a genuine issue of material fact remained for trial, the trial court properly granted appellee's motion for summary judgment. Accordingly, we overrule appellant's first assignment of error.

## V. Disposition

{¶ 32} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and O'GRADY, JJ., concur.

_____