[Cite as *Commons at Royal Landing, L.L.C.*, 2016-Ohio-362.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Commons at Royal Landing, LLC, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 15AP-240 |
| v. | : | (C.P.C. No. 14CV-10243) |
| The City of Whitehall et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on February 2, 2016

*Peterson, Conners, Fergus & Peer LLP, Gregory S. Peterson* and *Jerry E. Peer, Jr.*, for appellant.

*Eastman & Smith Ltd., Joseph R. Durham* and *René L. Rimelspach,* for appellees.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Plaintiff-appellant, The Commons at Royal Landing, LLC ("appellant"), appeals the March 3, 2015 judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment filed by defendants-appellees, The City of Whitehall ("Whitehall"), and the City of Whitehall Board of Zoning and Building Appeals (the "Board"). For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} Appellant is a limited liability company that owns and operates a residential apartment complex of the same name in Whitehall, Ohio. On February 28, 2014, Whitehall's chief building inspector issued appellant four warnings for code violations related to four residential apartment units at appellant's complex. On March 19, 2014,

appellant filed a notice of appeal as to each of the four violations with the Board. On April 29, 2014, the Board held a hearing on appellant's appeals, ending the hearing by adjourning into executive session. Following the executive session, the Board postponed rendering a decision on the appeals.

{¶ 3} On May 29, 2014, the Board provided appellant with notice that it would meet to deliberate and decide on appellant's appeals. On June 9, 2014, the Board held a regularly scheduled meeting, during which time it entered into executive session to deliberate on appellant's appeals. Following the executive session, the Board voted to deny appellant's appeals. On July 2, 2014, appellant filed administrative appeals from the decision of the Board to the Franklin County Court of Common Pleas.[1]

{¶ 4} On October 2, 2014, appellant filed a complaint for declaratory judgment, injunctive relief, and statutory damages against appellees. Appellant alleged that appellees violated R.C. 121.22, also known as the Ohio Open Meetings Act or the "Sunshine Law," by unlawfully adjourning to executive session during the April 29, 2014 hearing and the June 9, 2014 meeting.

{¶ 5} On October 15, 2014, appellees filed a motion to dismiss, which the trial court denied on December 2, 2014. On January 7, 2015, appellees filed a motion for summary judgment. On January 21, 2015, appellant filed a memorandum contra, arguing that it must be "afforded the opportunity to conduct reasonable discovery." (Memorandum Contra, 6.) Counsel for appellant filed with the motion for summary judgment an affidavit, in which he stated that Whitehall responded to written discovery requests but denied appellant the opportunity to depose the Chairman of the Board. Counsel for appellant stated in his affidavit that no depositions had taken place and that such depositions were "essential to thorough investigation of the legal and factual allegations contained in the Complaint." (Memo Contra, exhibit A.) On March 3, 2015, the trial court granted appellees' motion for summary judgment.

## II. Assignment of Error

{¶ 6} Appellant appeals assigning the following single assignment of error for our review:

---

[1] We note that administrative appeals Franklin C.P. Nos. 14CV-6859, 14CV-6861, 14CV-6862, and 14CV-6863 remain pending before the trial court.

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT AND NOT PROVIDING PLAINTIFF WITH AN OPPORTUNITY TO CONDUCT MEANINGFUL DISCOVERY, PURSUANT TO CIV.R. 56(F).

{¶ 7} Appellant asserts that the trial court erred and abused its discretion by failing to provide it with sufficient opportunity to complete discovery. We note that appellant raised an argument related to self-imposed limitations on Whitehall's powers. However, as appellant did not assert an assignment of error related to this argument, we decline to further address appellant's argument. *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70, citing *In re the Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5 ("[T]his court rules on assignments of error only, and will not address mere arguments."); *Bradley v. Ohio Dept. of Transp.*, 10th Dist. No. 11AP-409, 2012-Ohio-451, ¶ 25, citing *Thompson v. Thompson*, 196 Ohio App.3d 764, 2011-Ohio-6286, ¶ 65 (10th Dist.).

{¶ 8} "[A] party is not entitled to rely on the discovery cutoff date as a threshold before which the trial court may not entertain a motion for summary judgment." *Pickens v. Kroger Co.*, 10th Dist. No. 14AP-215, 2014-Ohio-4825, ¶ 18, citing *Whiteside v. Conroy*, 10th Dist. No. 05AP-123, 2005-Ohio-5098, ¶ 38, citing *Doriott v. MVHE, Inc.*, 2d Dist. No. 20040, 2004-Ohio-867, ¶ 45. "When a party finds itself having to respond to a summary judgment motion before adequate discovery is completed, the proper remedy is to move the trial court to delay judgment under Civ.R. 56(F)." *Taylor v. XRG, Inc.*, 10th Dist. No. 06AP-839, 2007-Ohio-3209, ¶ 16, citing *Maschari v. Tone*, 103 Ohio St.3d 411, 2004-Ohio-5342.

{¶ 9} Civ.R. 56(F) provides as follows: "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had." Thus, Civ.R. 56(F) provides an opportunity to move for additional time to obtain through discovery the facts necessary to adequately oppose a motion for summary judgment. *Taylor* at ¶ 17, citing *Carolina Tobacco Co. v. Petro*, 10th Dist. No. 04AP-1125, 2006-Ohio-1205.

{¶ 10} "The party moving for a continuance pursuant to Civ.R. 56(F) ' "bears the burden of establishing why the party cannot present sufficient facts to justify its opposition to a motion for summary judgment without a continuance." ' " *Pickens* at ¶ 18, quoting *Foxfire Village Condominium Unit Owners' Assn. v. Meyer*, 10th Dist. No. 13AP-986, 2014-Ohio-3339, ¶ 13, quoting *Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 2010-Ohio-4601, ¶ 100 (10th Dist.). " ' "The moving party cannot meet this burden with mere allegations; rather, the moving party must aver in an affidavit a particularized factual basis that explains why further discovery is necessary." ' " *Pickens* at ¶ 18, quoting *Foxfire* at ¶ 13, quoting *Ford* at ¶ 100.

{¶ 11} A party who fails to file a motion under Civ.R. 56(F) in the trial court does not preserve those rights under the rules on appeal, and it is not error for the trial court to rule on the motion for summary judgment. *Taylor* at ¶ 17; *Maschari* at ¶ 20; *Moore v. Kroger Co.*, 10th Dist. No. 10AP-431, 2010-Ohio-5721, ¶ 23; *BMI Fed. Credit Union v. Burkitt*, 10th Dist. No. 09AP-1024, 2010-Ohio-3027, ¶ 17. "Even if a party files a motion to compel discovery, a trial court does not err when it rules on the motion for summary judgment without ruling on the motion to compel when the party has failed to file a Civ.R. 56(F) motion." *Moore* at ¶ 23, citing *Wells Fargo Bank, N.A. v. Sessley*, 188 Ohio App.3d 213, 2010-Ohio-2902 (10th Dist.).

{¶ 12} Here, because appellant failed to file a Civ.R. 56(F) motion asking the trial court to delay ruling on appellees' motion for summary judgment, appellant is barred from arguing on appeal that the trial court erred by ruling on the motion for summary judgment without allowing additional discovery. *Taylor* at ¶ 17. Furthermore, although counsel for appellant attached an affidavit to the memorandum contra the motion for summary judgment, such affidavit did not contain a particularized factual basis that explained why appellant was unable to present sufficient facts to justify its opposition to a motion for summary judgment without a continuance. *Pickens* at ¶ 18. Additionally, the record reflects, and appellant does not dispute, that appellant never subpoenaed any individuals for depositions, nor did appellant file a motion to compel discovery. *See Moore* at ¶ 23. As a result, we cannot find that the trial court erred by ruling on appellees' motion for summary judgment without allowing additional discovery. Accordingly, we overrule appellant's assignment of error.

## III. Disposition

{¶ 13} Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, J., concurs.
BROWN, J., concurs in judgment only.

————————————————