[Cite as *Hernandez v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-8646.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William Hernandez, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 17AP-37 |
| v. | : | (Ct. of Cl. No. 2016-00150) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on November 21, 2017

**On brief:** *William Hernandez,* pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Jeanna V. Jacobus*, for appellee.

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, William Hernandez, appeals from a judgment of the Court of Claims of Ohio granting summary judgment to defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). Because appellant did not present any evidence qualifying as expert medical testimony to establish the standard of care, breach, and proximate cause for his medical negligence claim, we affirm.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} Hernandez, an inmate at the Grafton Correctional Institution ("GCI"), filed a complaint for medical negligence against ODRC. In the complaint, Hernandez alleged

that he suffered injuries as a result of GCI's medical personnel failing to examine, detect, and treat a MRSA infection. A case management conference was held, and the trial court ordered Hernandez to furnish ODRC with the names of any expert witnesses and a copy of their reports on or before July 25, 2016, and that no discovery would be allowed after September 21, 2016, without leave of court.

{¶ 3} On August 15, 2016, Hernandez filed a motion to compel discovery after ODRC objected to providing Hernandez with a copy of his GCI medical records pursuant to R.C. 5120.21(C). On that same day, Hernandez also filed a motion to extend discovery timelines and a partial list of expert witnesses. A month later, ODRC filed a motion for summary judgment arguing that Hernandez could not prove his claim of medical negligence because he failed to produce expert testimony addressing the issues of standard of care, breach, and proximate cause.

{¶ 4} The trial court denied Hernandez's motion to compel on the basis that he failed to follow the procedure required by R.C. 5120.21(C) to obtain his medical records and that he failed to recite his efforts to resolve the discovery matter with defense counsel as required by Civ.R. 37(E). The court then addressed ODRC's motion for summary judgment. It concluded that there were no genuine issues of material fact and that ODRC was entitled to judgment as a matter of law because Hernandez could not prevail on his claim of medical negligence after failing to provide counsel for defense with the names of any expert witnesses or a copy of their reports by the deadline established by the court.

{¶ 5} Hernandez appeals, assigning the following errors:

> [I.] THE PROVISIONS OF O.R.C. §5120.21(C)(2) WHICH ACT TO PREVENT A PRO SE PRISONER PLAINTIFF FROM PRESENTING HIS OWN MEDICAL RECORDS AS EVIDENCE IN A CIVIL ACTION DEPRIVE THE PLAINTIFF OF ACCESS TO THE COURT AND ARE UNCONSTITUTIONAL AS VIOLATIVE OF THE FIRST AND FOURTEENTH AMENDMENTS.

> [II.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS ERRONEOUS FACTUAL FINDINGS THAT PLAINTIFF FAILED TO RECITE HIS EFFORTS TO SEEK COMPLIANCE BY THE DEFENDANT IN HIS MOTION TO COMPEL DISCOVERY, IN VIOLATION OF DUE PROCESS OF LAW.

> [III.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS ERRONEOUS FACTUAL FINDING THAT PLAINTIFF

FAILED TO PROVIDE A LIST OF EXPERT WITNESSES BY THE DEADLINE ESTABLISHED BY THE COURT, VIOLATING APPELLANT'S RIGHT TO DUE PROCESS OF LAW.

[IV.] THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT, VIOLATING DUE PROCESS OF LAW.

## LEGAL ANALYSIS

{¶ 6}   In his first assignment of error, Hernandez challenges the constitutionality of R.C. 5120.21(C)(2). That section provides:

> A separate medical record of every inmate in an institution governed by the department shall be compiled, maintained, and kept apart from and independently of any other record pertaining to the inmate. Upon the signed written request of the inmate to whom the record pertains together with the written request of either a licensed attorney at law or a licensed physician designated by the inmate, the department shall make the inmate's medical record available to the designated attorney or physician. The record may be inspected or copied by the inmate's designated attorney or physician.

{¶ 7}   Hernandez argues that R.C. 5120.21(C)(2) restricts access to medical records to those prisoners who can afford an attorney or doctor to co-sign the request. He contends that this procedure allows ODRC to deprive indigent, pro se prisoners access to evidence necessary to prove a medical negligence claim against ODRC and ultimately deprives prisoners the opportunity to present a claim. According to Hernandez, R.C. 5120.21(C)(2) denies him access to the courts in violation of the First Amendment and Equal Protection Clause of the Fourteenth Amendment.

{¶ 8}   Hernandez, however, did not raise this argument to the trial court in his motion to compel or in his memorandum in opposition to ODRC's motion for summary judgment. Arguments raised for the first time on appeal are improper and generally not considered. *Coleman v. Columbus State Community College*, 10th Dist. No. 15AP-119, 2015-Ohio-4685, ¶ 14. In addition, the Court of Claims lacks subject-matter jurisdiction over alleged violations of constitutional rights. *Stainbrook v. Ohio Secy. of State*, 10th Dist. No. 16AP-314, 2017-Ohio-1526, ¶ 38. For these reasons, the first assignment of error is overruled.

{¶ 9} In the second assignment of error, Hernandez argues that the trial court erred in finding that he failed to recite his efforts to seek compliance before filing his motion to compel discovery. The trial court denied the motion to compel for two reasons: (1) Hernandez's written request for his medical records was not accompanied by a written request from an attorney or physician as required by R.C. 5120.21(C), and (2) Hernandez did not provide a statement detailing his efforts to resolve the discovery matter with defense counsel as required by Civ.R. 37. Hernandez does not dispute that the request for his medical records was not accompanied by a written request from an attorney or physician. Therefore, the trial court properly denied the motion to compel on that basis alone. Because there is an independent basis to support the trial court's denial of his motion to compel, Hernandez's second assignment of error is moot.

{¶ 10} In the third assignment of error, Hernandez argues that the trial court erroneously found that he had failed to provide a list of experts by the deadline established by the court. We disagree. The trial court ordered Hernandez to name his expert witnesses and provide a copy of their reports to ODRC by July 25, 2016. Hernandez filed a motion to extend discovery timelines and a partial list of expert witnesses "instanter" on August 15, 2016. These filings, however, were past the deadline established by the trial court and, therefore, there was no error in the trial court's finding. The third assignment of error is overruled.

{¶ 11} In the fourth assignment of error, Hernandez argues that the trial court erred as a matter of law in granting summary judgment to appellee. We disagree.

{¶ 12} A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832,

¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 13} In order to recover for medical malpractice, a plaintiff must prove: (1) the existence of a standard of care within the medical community; (2) the defendant's breach of that standard; and (3) proximate cause between the medical evidence and the plaintiff's injuries. *Adams v. Kurz*, 10th Dist. No. 09AP-1081, 2010-Ohio-2776, ¶ 11. A medical malpractice claimant must provide proof of the recognized standard of care in the medical community through expert testimony. *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 131-32 (1976).

{¶ 14} Here, ODRC argues that the trial court properly granted it summary judgment because it showed that Hernandez cannot prove his claim of medical negligence. In its motion for summary judgment, ODRC stated that it served Hernandez with requests for admissions on August 3, 2016. The requests asked him to admit or to deny (1) he did not have a doctor or any other expert who would testify at trial that anyone at GCI was negligent in providing medical care and, (2) he did not send a copy of a report from any expert witness to ODRC on or before July 25, 2016. ODRC contended that Hernandez failed to respond to the request for admissions, and therefore, they are deemed to be admitted pursuant to Civ.R. 36(A)(1). Based on the requests for admissions and Hernandez's failure to produce an expert report addressing the standard of care, breach of that standard and proximate cause, ODRC argued that Hernandez could not prevail on his claim of medical malpractice and that it was entitled to summary judgment as a matter of law.

{¶ 15} Appellant disputed that he failed to respond to the requests for admissions. He attached a copy of his alleged responses to his memorandum contra summary judgment. Although he denied that he did not have an expert to testify on his behalf, Hernandez admitted that he did not send a copy of a report from an expert witness prior to the July 25, 2016 deadline. Without expert testimony, Hernandez cannot prove his claim for medical malpractice.

{¶ 16} Hernandez's reason in arguing that the trial court erred in granting summary judgment is that discovery was not complete and that the evidence needed to

submit a list of expert witnesses and expert reports was in the control of ODRC and that ODRC had failed to provide him with that discovery. We reject this argument.

{¶ 17} As previously discussed, Hernandez failed to meet the requirements of R.C. 5120.21(C)(2) to obtain a copy of his medical records. Also, Civ.R. 56(F) provides the sole remedy for a party who must respond to a motion for summary judgment before it has completed adequate discovery. *Mootispaw v. Mohr*, 10th Dist. No. 15AP-885, 2016-Ohio-1246, ¶ 10; *Commons at Royal Landing, LLC v. Whitehall*, 10th Dist. No. 15AP-240, 2016-Ohio-362, ¶ 8. Pursuant to Civ.R. 56(F), a party may request that the trial court defer ruling on the motion for summary judgment pending the completion of discovery. *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶ 9. When a party fails to move for a Civ.R. 56(F) continuance, a trial court may grant summary judgment to the moving party even if discovery remains incomplete. *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶ 11. Moreover, the party that fails to move for a Civ.R. 56(F) continuance does not preserve his right to challenge the adequacy of discovery on appeal. *Mootispaw* at ¶ 10.

{¶ 18} Here, Hernandez did not move for a continuance under Civ.R. 56(F) to complete discovery. Although there were pending motions for an extension of time to extend discovery and to compel discovery, neither motion precluded the trial court from ruling on the motion for summary judgment. *See Moore v. Kroger Co.,* 10th Dist. No. 10AP-431, 2010-Ohio-5721, ¶ 23. In any event, the trial court denied both motions in the judgment entry granting summary judgment to appellee. Consequently, the trial court did not err in granting appellee summary judgment, even though Hernandez had not obtained the discovery he sought. Accordingly, the fourth assignment of error is overruled.

{¶ 19} For the foregoing reasons, Hernandez's first, third, and fourth assignments of error are overruled, the second assignment of error is moot, and we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.