## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ROBERT BATES<br><br>    Plaintiff<br><br>    v.<br><br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION<br><br>    Defendant | Case No. 2024-00772JD<br><br>Judge Lisa L. Sadler<br>Magistrate Adam Z. Morris<br><br><u>DECISION</u> |

{¶1} Plaintiff, an inmate in the custody and control of Defendant, brings this action for negligence arising from an inmate assault on March 1, 2024. Plaintiff's Complaint also contained separate claims for retaliation, medical indifference, and violations of Defendant's internal rules, policies, and procedures, which were previously dismissed by the Court. (February 5, 2025 Decision & Judgment Entry; March 18, 2025 Entry (denying reconsideration of dismissal)).

{¶2} On February 28, 2025, Plaintiff filed a Motion for Summary Judgment pursuant to Civ.R. 56(A). On March 24, 2025, Defendant filed a combined Motion for Summary Judgment pursuant to Civ.R. 56(B) and Response in Opposition to Plaintiff's Motion for Summary Judgment.[1] On May 2, 2025, Plaintiff filed a combined Response in Opposition to Defendant's Motion for Summary Judgment and Motion for Discovery Sanctions pursuant to Civ.R. 37, as well as various Motions to Strike.[2] On May 6, 2025, Defendant filed a combined Reply in Support of its Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Discovery Sanctions. Plaintiff did not file

---

[1] To the extent Plaintiff brings a Motion to Strike Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment as untimely, it is hereby DENIED. Upon review, Defendant timely filed its Response in Opposition to Plaintiff's Motion for Summary Judgment within twenty-eight days pursuant to Civ.R. 6(C)(1) and L.C.C.R. 4(D).

[2] Plaintiff was granted an extension to timely file his Response in Opposition to Defendant's Motion for Summary Judgment on or before May 12, 2025. (April 4, 2025 Order of the Magistrate).

a separate Reply in Support of his Motion for Summary Judgment or Reply in Support of his Motion for Discovery Sanctions.

{¶3} The Motions for Summary Judgment are now fully briefed and before the Court for a non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4(D). For the following reasons, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED.

**Standard of Review**

{¶4} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C):

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293. "The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no

evidence to support the nonmoving party's claims." *Mercer v. Wal-Mart Stores, Inc.*, 2013-Ohio-5607, ¶ 11 (10th Dist.), citing *Dresher* at 293; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997).

{¶5} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶6} As with any factual issue on summary judgment, "[i]f the opposing parties present evidence on both sides of the issue, then summary judgment is inappropriate, and a finder of fact must decide the issue." *Wright v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-4359, ¶ 11 (10th Dist.). However, "[w]hen a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue." *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶7} Civ.R. 56(E) sets forth requirements for affidavits submitted to support or oppose motions for summary judgment. Civ.R. 56(E) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." The Supreme Court of Ohio has explained:

> "Personal knowledge" is "knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said." Black's Law Dictionary (7th Ed.Rev.1999) 875. See, also, Weissenberger's Ohio Evidence (2002) 213, Section 602.1 ("The subject of a witness's testimony must have been perceived through one or more of the

senses of the witness. . . . [A] witness is 'incompetent' to testify to any fact

unless he or she possesses firsthand knowledge of that fact.").

*Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 2002-Ohio-2220, ¶ 26.  "'[P]ersonal knowledge' for purposes of a summary judgment affidavit is defined as knowledge of the truth in regard to a particular fact or allegation that does not depend on information or hearsay, i.e., it is knowledge that is original to the affiant." *IPlangroup Agent for Custodian FBO Tarsem Garg v. Etayem*, 2022-Ohio-822, ¶ 27 (8th Dist.), quoting *Whitt v. Wolfinger*, 2015-Ohio-2726, ¶ 25 (4th Dist.).

**Facts**

{¶8} Plaintiff submitted multiple unmarked settlement demand letters with his Motion for Summary Judgment as well as references the Affidavit of Plaintiff (Complaint Affidavit) and exhibits attached to the Complaint.  Defendant submitted Affidavits from its employees, Lieutenant Ray Brock,[3] Corrections Officer (CO) Dakota Patterson, and Institutional Inspector Felepa Lowery,[4] as well as video surveillance footage (Exhibit Video),[5] with its combined Motion for Summary Judgment and Response in Opposition to

---

[3] Plaintiff's Response includes a Motion to Strike Defendant's Motion & Response Exhibit A, the Affidavit of Lieutenant Ray Brock because he allegedly provided false testimony to the Court because his Affidavit states he investigated a separate March 2, 2024 incident involving Plaintiff, but the March 2, 2024 Conduct Report was completed by A. Brock and thus makes [Lieutenant Brock's] Affidavit "a lie and unreliable." (Plaintiff's Response, p. 4-5; Plaintiff's Response Exhibit A (Request for Production No. 1); Plaintiff's Response Exhibit B).  Upon review of the Affidavit of Lieutenant Brock, the Court finds that he does not aver that he completed an investigation report so Plaintiff's argument is not well-taken and affidavits are proper Civ.R. 56(C) evidence that can be refuted by showing issues of material fact with other properly admitted Civ.R. 56(C) evidence.  Accordingly, Plaintiff's Motion to Strike the Affidavit of Lieutenant Ray Brock is DENIED.

[4] Plaintiff's Response includes a Motion to Strike Defendant's Motion & Response Exhibit D, the Affidavit of Institutional Inspector Felepa Lowery, because Defendant failed to previously disclose Inspector Lowery as an expert witness as required by the Court's January 8, 2025 Order of the Magistrate. Notwithstanding the fact that Defendant has until May 23, 2025 to "furnish Plaintiff with the names of expert witnesses and a copy of their reports," upon review of the Affidavit of Inspector Lowery, Defendant does not present such testimony to the Court as that of an expert witness and affidavits are proper Civ.R. 56(C) evidence that can be refuted by showing issues of material fact with other properly admitted Civ.R. 56(C) evidence.  Accordingly, Plaintiff's Motion to Strike the Affidavit of Institutional Inspector Felepa Lowery is DENIED.

[5] Plaintiff's Response includes a Motion for Discovery Sanctions "in accordance with Ohio Civ.R. 37 to sanction Defendant for not providing Plaintiff the fair chance to see the Video Footage that it now rely on and cite throughout it Motion[.]"  (Plaintiff's Response, p. 1).

"On notice to other parties and all affected persons, a party may move for an order compelling discovery." Civ.R. 37(A)(1). Civ.R. 37(A)(3)(a) states that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) A party fails to answer an interrogatory submitted under Civ.R. 33; [or] (iv) A party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Civ.R. 34." Civ.R. 37(A)(1) provides that a motion for an order compelling discovery "shall include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action." Trial courts have discretion whether to grant or deny a motion to compel. *See Fernandez v. Ohio State Pain Control Ctr.*, 2004-Ohio-6713, ¶ 18 (10th Dist.), citing *513 E. Rich St. Co. v. McGreevy*, 2003-Ohio-2487, ¶ 10 (10th Dist.) ("[a] trial court's decision to grant or deny a motion to compel is within its broad discretion and will not be reversed absent an abuse of discretion").

Although Plaintiff states that "Defendant denied Plaintiff the opportunity, despite his request and desire to so[,]" it is apparent from Plaintiff's Response that such statements are related to his attempts during discovery, prior to receiving responses to his requests for production of documents, because he further states that he "called [] and spoke to Defendant's Counsel Duffy Jamieson approximately one-week prior of receiving Defendant's Response to Plaintiff's Request for Production of Documents and verbally requested to see the video footage of the incident." (Plaintiff's Response, p. 2). Plaintiff states that he "was told by Mr. Jamieson that he would contact the prison and have the Warden's AA allow me a chance to review the video footage." And, on February 27, 2025, Defendant responded to Plaintiff's Request for Production of Documents stating "Due to security concerns, a copy of the video cannot be produced. However, please kite the Warden's Assistant to access the surveillance video recording of the incident." (Plaintiff's Response, p. 2; Plaintiff's Response Exhibit A (Request for Production No. 5)). Plaintiff states that "there is nothing in the record that show Defendant provided Plaintiff a chance to review the footage that it now relies on." (Plaintiff's Response, p. 2). However, Plaintiff does not provide any indication, yet alone evidence, Defendant failed to permit inspection in that he was denied access by Defendant after being given the option and instructions to view the video through a kite to the Warden's Assistant.

Upon review, the Court finds that Plaintiff has failed to meet his burden under Civ.R. 37 prior to seeking court intervention, as his Motion for Discovery Sanctions does not contain the required certification or any other indication that he first attempted to resolve the dispute with Defendant related to Defendant's Response to Plaintiff's Request for Production of Documents prior to seeking court action. Accordingly, Plaintiff's Motion for Discovery Sanctions is DENIED.

The Court notes that Plaintiff specifically utilizes Civ.R. 37 to compel discovery in his Response even though it is apparent to the Court that Plaintiff is familiar with the available supplemental discovery mechanism in Civ.R. 56(F) in relation to motions for summary judgment. (*See* Plaintiff's Response, p. 6 ("Here defendant filed its motion on March 24, 2025, more than two weeks later without never seeking leave of court, and never addressing excusable neglect, and did not move for additional discovery under Civ.R.56(F).")).

To the extent Plaintiff alleges that he has been unable to complete discovery, Plaintiff has failed to properly move for and receive a continuance under Civ.R. 56(F). *See Hernandez v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-8646, ¶ 17 (10th Dist.), citing *Mootispaw v. Mohr*, 2016-Ohio-1246, ¶ 10 (10th Dist.); *Commons at Royal Landing, LLC v. Whitehall*, 2016-Ohio-362, ¶ 8 (10th Dist.) ("Civ.R. 56(F) provides the sole remedy for a party who must respond to a motion for summary judgment before it has completed adequate discovery."). Civ.R. 56(F) allows a party to defer ruling on a motion for summary judgment to complete discovery, but a court can grant summary judgment even if discovery remains incomplete in the absence of a non-moving party moving for a Civ.R. 56(F) continuance. *See Hernandez* at ¶ 17, citing *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶¶ 9, 11.

Plaintiff's Motion for Summary Judgment. Plaintiff submitted an unmarked Affidavit of Plaintiff (Response Affidavit), as well as Defendant's Responses to Plaintiff's Requests for Production of Documents, Defendant's Conduct Report for March 2, 2024 violations of Plaintiff, and institutional kites, with his combined Response in Opposition to Defendant's Motion for Summary Judgment and Motion for Discovery Sanctions.

{¶9} Accordingly, the relevant pleadings and Civ.R. 56 evidence submitted show the following:

{¶10} On March 1, 2024, Plaintiff was an inmate in the custody and control of Defendant at its Trumbull Correctional Institution (TCI) when he was assaulted by fellow inmates in cell 255 on the second-floor range in Unit 13 West while the cell window was covered. (Complaint ¶ 10-12).

{¶11} On March 1, 2024, CO Patterson was working first shift on Unit 13 West. (Complaint ¶ 12; Patterson Affidavit ¶ 3). At 8:20 a.m., CO Patterson passed cell 255 on the second-floor range during a security round. (Complaint ¶ 12; Patterson Affidavit ¶ 3; Video Exhibit). At that time, the window of cell 255 was uncovered. (Patterson Affidavit ¶ 3-4; Video Exhibit). CO Patterson "did not see or hear any unusual activity while passing cell 255. (Patterson Affidavit ¶ 3). At 8:23 a.m., Plaintiff entered cell 255. (Patterson Affidavit ¶ 4; Video Exhibit). At 8:24 a.m., the window of cell 255 is covered. (Patterson Affidavit ¶ 4; Video Exhibit). Inmates are not supposed to have their cell windows covered. (Complaint ¶ 12; Complaint Exhibit A). At 8:30 a.m., Plaintiff was assaulted while the cell window was covered. (Complaint ¶ 12; Complaint Affidavit).

{¶12} Between 8:22 a.m. and 8:31 a.m., several inmates are seen entering and exiting the cell as well as standing near the cell. (Patterson Affidavit ¶ 4; Video Exhibit). At 8:32 a.m., CO Patterson conducted a subsequent security round and observed the window of the cell was covered. (Patterson Affidavit ¶ 3-4; Video Exhibit). CO Patterson

---

And, notwithstanding the issues discussed, Plaintiff did in fact receive an extension of time to file his Response in this case. (*See* April 4, 2025 Order of the Magistrate (extension of time granted for limited purpose of Plaintiff's indication that he had limited access "to the legal library and legal materials due to an ongoing illness with one of the librarians.")). Notably, however, while Plaintiff alleged that he did not receive the video footage in question during discovery, his Motion for Extension of Time was absent any reference to the video footage. (*See* Plaintiff's Motion, p. 5; *see also* Plaintiff's Response, p. 1-2; *but see* April 3, 2025 Motion for Extension of Time).

then "immediately opened the door and investigated the situation." (Patterson Affidavit ¶ 3-4; Video Exhibit). CO Patterson states that he "did not know that [Plaintiff] was in any kind of danger prior to the claim of him being jumped on the morning of March 1, 2024." (Patterson Affidavit ¶ 5).

{¶13} On March 2, 2024, Plaintiff was involved in an unrelated incident to this lawsuit. (Plaintiff's Response Exhibit B; Brock Affidavit ¶ 5). On March 3, 2024, Lieutenant Brock, during his investigation of the March 2, 2024 incident, "heard rumors that [Plaintiff] was jumped the day prior (March 1, 2024)." (Brock Affidavit ¶ 5). On March 3, 2024, Lieutenant Brock sent an email to Todd Aderholt, STG coordinator at TCI that read: "I hear [Plaintiff] was jumped in cell 255 the day prior, checked cameras and it looks like around 0900 on 3/1/24. A LOT of traffic back and forth between 255 and 268 last few days. Me and Grimes have been on [Plaintiff] lately (talking more than doing his trash job)." (Brock Affidavit ¶ 3-4; Complaint Exhibit B). Lieutenant Brock states that he "did not know that [Plaintiff] was in any kind of danger prior to the claim of him being jumped on the morning of March 1, 2024." (Brock Affidavit ¶ 6).

{¶14} Inmates "can alert any [Defendant] staff member if they are fearful for their safety or seek protection from an impending attack." (Lowery Affidavit ¶ 3). If requested, the inmate is "immediately separated from the specific inmate(s) and protective-custody protocols [are] initiated." (*See* Lowery Affidavit ¶ 3). Protective-custody protocol requires Defendant's staff members to fill out an "Inmate Statement Form." (Lowery Affidavit ¶ 4). "[Plaintiff] did not complete an Inmate Statement Form nor was any documentation showing he sought protective custody prior to the assault." (Lowery Affidavit ¶ 4). "Prior to March 1, 2024, [Plaintiff], as verified through his inmate file, failed to inform any [Defendant] staff member of the impending assault." (Lowery Affidavit ¶ 3). According to Plaintiff, "the assault happened without notice, there was no time to fill out an inmate statement form or request protective custody." (Response Affidavit ¶ 13-14).

**Law and Analysis**

{¶15} Because Plaintiff's claim for negligence arising from an inmate assault on March 1, 2024 is the only remaining claim for trial, the parties' cross Motions for Summary

Judgment require the Court to address the issue of Defendant's notice prior to the inmate assault. (*See* February 5, 2025 Decision & Judgment Entry, p. 7-14, fn. 4).

{¶16} Plaintiff asserts that he is entitled to summary judgment because "Defendants has not presented any evidence that would support any defense, and have no set of facts that would prevail at trial. No such evidence exists." (Plaintiff's Motion, p. 5).

{¶17} Defendant asserts that "without sufficient notice of any impending assault, [Defendant cannot be found liable, and [Plaintiff's] motion must be denied. . . . [And] it is [Defendant], not [Plaintiff], that is entitled to a motion for summary judgment in its favor." (Defendant's Motion & Response, p. 2).

{¶18} "To establish negligence, a plaintiff must show the existence of a duty, a breach of that duty, and injury resulting proximately therefrom." *Taylor v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-4792, ¶ 15 (10th Dist.). "In the context of a custodial relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks." *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 2013-Ohio-5106, ¶ 8 (10th Dist.). "Reasonable care is that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances, and includes the duty to exercise reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 2004-Ohio-5545, ¶ 16 (10th Dist.). "However, while 'prison officials owe a duty of reasonable care and protection from unreasonable risks to inmates, . . . they are not the insurers of inmates' safety.'" *Morris v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-3803 (10th Dist.), quoting *Phelps v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-5155, ¶ 12 (10th Dist.).

{¶19} "When one inmate attacks another inmate, 'actionable negligence arises only where prison officials had adequate notice of an impending attack.'" *Skorvanek v. Ohio Dept. of Rehab. & Corr.,* 2018-Ohio-3870, ¶ 29 (10th Dist.), quoting *Metcalf v. Ohio Dept. of Rehab. & Corr.*, 2002-Ohio-5082, ¶ 11 (10th Dist.); *see also Watson v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-1017, ¶ 9 (10th Dist.) ("The law is well-settled in Ohio that ODRC is not liable for the intentional attack of one inmate by another, unless ODRC has adequate notice of an impending assault."). "'Whether ODRC had or did not have

notice is a question that depends on all the factual circumstances involved.'" *Skorvanek* at ¶ 29, quoting *Frash v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-3134, ¶ 11 (10th Dist.).

{¶20} "Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained." *Watson v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-1017, ¶ 9 (10th Dist.). "Actual notice is notice obtained by actual communication to a party." *Barnett v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4737, ¶ 23 (10th Dist.). "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Hughes v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4736, ¶ 14 (10th Dist.).

{¶21} Upon review, the Court finds that the Civ.R. 56(C) evidence submitted by Defendant establishes that Defendant did not have actual or constructive notice of any impending inmate assault on Plaintiff prior to Plaintiff's assault. However, upon review, Plaintiff has failed to submit Civ.R. 56 evidence to meet his reciprocal burden under Civ.R. 56(E), or his initial burden under Civ.R. 56(C), regarding actual or constructive notice of any impending inmate assault on Plaintiff prior to Plaintiff's assault.

{¶22} Lieutenant Brock and CO Patterson each aver that they did not know Plaintiff was in danger prior to his assault. Lieutenant Brock only learned of the assault after investigation of a subsequent event involving Plaintiff. And Inspector Lowery avers that Plaintiff's inmate file contains no Inmate Statement Form or other indication Plaintiff informed any of Defendant's staff members prior to his assault. In fact, Plaintiff specifically avers that he did not fill out an Inmate Statement Form or request protective custody prior to the assault.

{¶23} As such, reasonable minds can only conclude that Defendant did not have actual notice of any impending inmate assault on Plaintiff prior to Plaintiff's assault.

{¶24} CO Patterson, while conducting security rounds on the second-floor range in Unit 13 West at TCI, initially passed cell 255 at 8:20 a.m. while the cell window was uncovered. CO Patterson avers that he did not see or hear anything unusual at that time. However, after CO Patterson completes his initial security round, between 8:22 a.m. and 8:31 a.m., Plaintiff and other inmates enter cell 255 and the window is covered. Plaintiff avers that he was assaulted at 8:30 a.m. while the window was covered. At 8:32 a.m.,

CO Patterson completes a subsequent security round where he immediately opens cell 255 to investigate upon observing the cell window covered.

{¶25} Plaintiff's argument that various violations of internal prison rules, policies, and procedures support his claim of inmate assault and negligence is not well-taken. (Plaintiff's Motion, p. 2; Plaintiff's Response, p. 3-4). Plaintiff alleges violations regarding range checks and window coverings, failure to properly investigate, failure to file an incident report, and failure to call the bio-cart. But, upon review, Plaintiff's arguments are ultimately conclusory allegations.

{¶26} Plaintiff's argument that Defendant conducted an improper range check is solely predicated on CO Patterson passing cell 255 while Plaintiff was being assault inside with the window covered and other inmates standing watch, which is unfounded by the uncontroverted video footage. (Plaintiff's Motion, p. 2-3, 5; Complaint ¶ 12, Complaint Affidavit; Plaintiff's Response, p. 2-3; Video Exhibit). Plaintiff fails to provide the Court with evidence demonstrating an improper range check or any averments based on personal knowledge of deficiencies in CO Patterson's range check, including the timing of such range checks, to create a dispute of material fact as to CO Patterson's averments and the uncontroverted video footage. Nor does Plaintiff provide the Court with evidence of what constitutes a proper range check and how an improper range check would be definitive of constructive notice prior to the assault. Plaintiff did attach a portion of the 2024 TCI Incarcerated Population Handbook (Handbook) to his Complaint. (Complaint Exhibit A). But even though that portion of the Handbook states that an inmate's window cannot be covered, it does not provide the Court with any evidence regarding Defendant's policy or range check requirements in response to a window being covered. And Plaintiff fails to provide the Court with any Civ.R. 56 evidence regarding Defendant's policy and requirements to investigate, file an incident report, or call the bio-cart, yet alone how such alleged inactions after Plaintiff's assault could reasonably be construed as providing Defendant notice prior to Plaintiff's assault.

{¶27} Plaintiff's argument of spoliation of evidence, specifically body worn camera footage, is similarly not well-taken. (Plaintiff's Response, p. 3-6). Plaintiff's argument is a conclusory allegation because Plaintiff fails to provide the Court with any Civ.R. 56

evidence that Defendant had, or was required to have, such body worn camera footage at any time.

{¶28} As such, reasonable minds can only conclude that Defendant did not have constructive notice of any impending inmate assault on Plaintiff prior to Plaintiff's assault.

{¶29} Accordingly, Defendant is entitled to judgment as a matter of law.

## Conclusion

{¶30} Upon review, Defendant has met its initial burden, pursuant to Civ.R. 56(C), by showing that there are no genuine issues of material fact on whether Defendant had actual or constructive notice of any impending inmate assault on Plaintiff prior to Plaintiff's assault.  And Plaintiff failed to meet his reciprocal burden pursuant to Civ.R. 56(E), as well as failed to meet his initial burden pursuant to Civ.R. 56(C), regarding whether Defendant had actual or constructive notice of any impending inmate assault on Plaintiff prior to Plaintiff's assault.

{¶31} Accordingly, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED.


LISA L. SADLER
Judge

[Cite as *Bates v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-2175.]

| | |
|---|---|
| ROBERT BATES | Case No. 2024-00772JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Adam Z. Morris |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

## IN THE COURT OF CLAIMS OF OHIO

**{¶32}** For the reasons set forth in the Decision filed concurrently herewith, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED. Judgment is rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed May 30, 2025**
**Sent to S.C. Reporter 6/20/25**